

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT COURT



## AUSTIN DIVISION

## JURISDICTION

WILLIAM CURTIS JONES

*Plaintiff,*

vs.

"JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE";  ET. AL

*Defendants*,

Case No.:

**1:23CV01396·RP**

**FIRST COMPLAINT CONSTITUTIONAL RIGHTS VIOLATIONS**

---

**PLAINTIFF'S PETITION TO ORDER STATE OF TEXAS TO SET ASIDE JUDGEMENT OF DECLARING THE PLAINTIFF A "VEXATIOUS LITIGANT" – VIOLATING THE PLAINTIFF'S CONSTITUTIONAL RIGHTS AND CIVIL RIGHTS**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** the Plaintiff, **William Curtis Jones**, as *pro se*; brings this

"***Plaintiff's Petition To Order State of Texas To Set Aside Judgement***

***Declaring The Plaintiff A "Vexatious Litigant" – Violating the Plaintiff's***

***Constitutional Rights and  Civil Rights"*** and moves this Court to hear the

allegations herein; and upon the merits thereof, files the following:

PAGE - 1

The Plaintiff, as pro se, being a simple Lay-Man, an unskilled person and inexperience in the drafting of this Petition, requests that in support of the filing of this Petition, be construed liberally as required in, citing: **"HAINES v. KERNER," 92 S. Ct. 594 (1971)**:  whereas the United States Supreme Court expressly held the "pro se" petition, are: "...*held to less stringent standards than formal pleadings drafted by lawyers, and that it must appear beyond reasonable doubt that the [Plaintiff] can prove sets of facts, in support of his claims which would entitle him to relief – before the same pleading can be denied...*"

This case concerns **Chapter 11** of the **Texas Civil Practice & Remedies Code**, titled "**Vexatious Litigants**." The statute's ostensible aim is to stop the Plaintiff from filing frivolous suits — not after they are filed (as with sanctions, for example), but prospectively, before they are filed. It does this by designating citizens "**vexatious**" and then "*...slam[ming] shut the courthouse doors across the entire state, for the rest of the litigant's life...*"

Jefferson County [Texas] Judicial District Court Clerks normally reject the attempted filings of "**vexatious litigants**" unless they have permission from a local - Jefferson County [Texas] - Administrative Judge.   Still, Plaintiff alleges that the permission procedure was created to be used as political favors, which "*...rigs the procedure in favor of granting it...*" as is the case here.

PAGE - 2

The Plaintiff has been unfairly declared "***vexatious litigant***" by Defendant "***Jefferson County [Texas] District Attorney's Office***" as a ploy to bully and threaten the Plaintiff to "***silent***" or to "***suppress***" the Plaintiff - from revealing to the public of possible criminal acts committed by certain members of the prosecution team while prosecuting alleged crimes in ***Causes Nos. 15-23710; 15-237111; and 15-23712*** in Jefferson County [Texas] 252nd Judicial District Court – (*refer to attached EXHIBITS herewithin*).

The Plaintiff files this Petition because the Plaintiff is challenging the wrongful conviction of crimes that never occurred or the State could even prove that a crime existed, and of *"...the law massively over-designates" by declaring "vexatious" those who have never been found to file a single "vexatious" or "frivolous" suit..."* citing **"BAUER v. TEXAS," 341 F.3d 352 (5th Cir. 2003).**


**The Plaintiff respectfully asks this Court to be heard and granted the opportunity to prove His innocence, that no crimes occurred, and that the Plaintiff's Constitutional and Civil Rights were violated.**


The Plaintiff – ***as a simple layman with inadequate knowledge of law and procedures***, respectfully requests this Court to make necessary

PAGE - 3

modifications to this Petition accordingly or to ORDER the State to set aside judgements of "*Declaring [Plaintiff] A Vexatious Litigant*" - consequently – which is in violations of the Plaintiff Constitutional Rights and Civil Rights, and support thereof, the Plaintiff would respectfully show this Court as follows.

## JURISDICTION AND VENUE

1. This Court enjoys subject matter jurisdiction over this action under *42 U.S.C. § 1983, 18 U.S.C. §§§ 241, 242, 245, and 18 U.S.C. § 14141*.

2. This Court enjoys personal jurisdiction over the above-named Defendants because the false and defamatory statements made by Defendants were published in the State of Texas and other States within the United States. The Plaintiff-target of the defamatory statements was and remains a resident of the State of California in Years 2015 and 2017 and a resident of the City of Austin [Texas] in Years 2011 to 2015 and 2017 to today.

3. This action is brought pursuant to *42 U.S.C. § 1983* to redress the deprivation under the Color of Law of the Plaintiff's Constitutional Rights as secured by the United States Constitution. *Section 1983* allows claims alleging the "*...deprivation of any rights, privileges, or immunities secured by the Constitution and Federal Laws...*" *42 U.S.C. § 1983*.

PAGE - 4

4.  Under *42 U.S.C. § 1983*, Plaintiff may sue State or Local Officials for the *"deprivation of any rights, privileges, or immunities secured by the United States Constitution and Federal Laws..."* citing **"BIVENS v. SIX UNKNOWN NAMED AGENTS OF FEDERAL BUREAU OF NARCOTICS," 403 U.S. 388 (1971)**, the Court held that *"...you may sue federal officials for the violation of certain constitutional rights..."*

5.  The Plaintiff petitioned this Court to challenge His state sentence under *28 U.S.C. § 1983* on or about July 25th, 2022. Refer to ***Pet. Under 28 U.S.C. § 2254*** for ***Writ of Habeas Corpus by a Person in State Custody***, "***Jones v. State of Texas, et al., 1:21-cv-00514***", pursuant to *28 U.S.C. § 2254*.

6.  This Court enjoys venue under 28 U.S.C. § 1391(a)(2) because all or a substantial portion of the events that gave rise to Plaintiff's claims transpired in the State of Texas and other States within the United States, including the publication or republication of the defamatory falsehoods and the damage to Plaintiff's reputation.

7.  Plaintiff has exhausted all of the applicable state remedies, including direct appeals and writs for post-conviction relief and state habeas corpus, without any success of final resolution of numerous unresolved issues from the Trial Court or any of the Courts in the State of Texas. All filed Writ of Habeas Corpus, namely "*Writ Nos. 15-23712-A through 15-23712-I*" with

PAGE - 5

the State of Texas, were all dismissed by the Court of Criminal Appeals for being non-compliant despite that the Plaintiff is simply a layman, violating the Plaintiff's Constitutional Rights of Due Process of Law.

8. This Court has jurisdiction pursuant to **28 U.S.C. §§ 1331, 1367**. Venue is proper under **28 U.S.C. § 1391(b)**. Most parties reside in this judicial district, and the events giving rise to the claims asserted herein also occurred here.

## CONSTITUTIONAL RIGHTS VIOLATIONS AND ERRORS

9. Plaintiff's constitutional rights of due process of law are violated. The Plaintiff is merely trying to understand precisely what statutory laws were violated by the Plaintiff, pursuant to the **Texas Code of Criminal Procedure, Article 15.04**.

10. Plaintiff filed a lawsuit of "**STATE CONSTITUTIONAL RIGHT VIOLATIONS: WRONGFUL INCARCERATION COMPLAINT AND DISCOVERY REQUEST**" **Cause No. E-207488** in the Jefferson County [Texas] 172nd Judicial District Court with the Honorable Judge Mitch Templeton presiding.

PAGE - 6

11. Plaintiff filed a lawsuit of "**STATE CONSTITUTIONAL RIGHT VIOLATIONS: AMERICANS WITH DISABILITY ACTS – PLAINTIFF IS LEGALLY DEAF**" *Cause No. E-206477* in the Jefferson County [Texas] 172nd Judicial District Court with the Honorable Judge Mitch Templeton presiding

12. Plaintiff filed a *Petition to Change Venue and Rescue the Honorable Judge* after learning that the Honorable Judge Mitch Templeton presided over said *Cause No. E-207488* due to a conflict of interest. The Honorable Judge Mitch Templeton is the same person who was the Business Attorney of one of the Plaintiff's Company *"MRGI" Clients* as discussed herewithin.

13. Plaintiff filed a lawsuit of "**STATE CONSTITUTIONAL RIGHT VIOLATIONS: AMERICANS WITH DISABILITY ACTS**" *Cause No. E-206477* in the Jefferson County [Texas] 172nd Judicial District Court with the Honorable Judge Mitch Templeton presiding.

14. Plaintiff then filed a complaint with the STATE COMMISSION ON JUDICIAL CONDUCT, complaining of "*Abuse of Power and Discretion*" and "*Conflict of Interest*" - knowing that he should have rescued himself as the presiding judge after being reminded by the Plaintiff that he was an

PAGE - 7

attorney for one of the Plaintiff's Company *"MRGI" Clients - as discussed herewithin*.

15. The Court has held that Plaintiff lacks standing to sue – a*s understood by the Plaintiff, as a simple lay-man -*  from Attorney Quinten Price with the **Jefferson County District Attorney's Office**, because the Plaintiff claims are not caused by—and so cannot be redressed as a *"vexatious litigant."* Then, Attorney Quinten Price also threatened the Plaintiff to be arrested for "parole violations" - violating the Plaintiff's FIRST AMENDMENT.

16. The Honorable Judge Mitch Templeton, despite his **Conflict of Interest** with firsthand knowledge of one of the Plaintiff's Company *"MRGI" Clients - as discussed herewithin -* granted the Attorney Quinten Price with the **Jefferson County District Attorney's Office** "**Motion to Declare [Plaintiff] A Vexatious Litigant**" and enters the vexatiousness order as the only true enforcer of the statute; and that the **Jefferson County District Attorney's Office** could not be sued, because of absolute immunity.

17. The Court's opinion, even if these Defendants could be sued, waiving absolute immunity because of malicious prosecution of crimes that never occurred and **Chapter 11** of the **Texas Civil Practice & Remedies Code**, titled "**Vexatious Litigants**." were declared unconstitutional, *"...plaintiff would still be subject to prefiling orders prohibiting them from filing new*

PAGE - 8

*pro se lawsuits without permission...*" citing "**BAUER v. TEXAS**," 341 F.3d 352(5th Cir. 2003), violating the Plaintiff's Constitutional Rights.

18. The Court's Opinion sets out reasoning that was not suggested by [Plaintiff's]' **Motion to Dismiss**. Defendants' motions set forth that Plaintiff's suit could not proceed because Plaintiff – as a simple layman - lacked standing with that Court. But Defendants did not propose that if ***Chapter 11*** of the ***Texas Civil Practice & Remedies Code***, titled "***Vexatious Litigant***" - *in four separate cases,* were declared unconstitutional, the State Courts would still enforce it.

19. As the Indictments allege in ***Causes Nos. 15-23710; 15-237111; and 15-23712*** in Jefferson County [Texas] 252nd Judicial District Court – (*refer to attached EXHIBITS herewithin*), no credible witness or evidence was presented at Convicting Trial proving guilt or that a crime ever existed or was committed by the Plaintiff.

20. The Petit Jury, however, based the Verdict of "Guilty" on False Testimony and False Evidence, some of which were fabricated knowingly by the Prosecution Team.

21. Plaintiff brings this Petition on the grounds of **manifest constitutional errors**, **civil rights errors**, and **manifest "INJUSTICE."**

# DISCOVERY – REQUEST FOR PRODUCTION OF DOCUMENTS

15. Pursuant to *Fed. R. Civ. P. 34*, the Plaintiff requests the above-named Defendants to produce and permit inspection and copying of the requested documents listed in this Paragraph. The inspection and performance of related acts shall be made at a site agreed upon by the parties within 30 days of service of this request:

(i)   *"Criminal Complaint Affidavit"* – sworn to an oath before the Magistrate Judge, pursuant to *Texas Rule of Criminal Procedure, Article 15*;

(ii)  *"Probable Cause Affidavit"* – sworn to an oath before the Magistrate Judge, pursuant to *Texas Rule of Criminal Procedure, Article 15*;

(iii) Copy of *"Agreement"* –the Indictment alleges that the Plaintiff agreed to be held as *"fiduciary capacity"* of the Plaintiff's property, which bears the Plaintiff's notarized signature;

(iv)  *"Investigation Case Analysis"* – findings that Plaintiff has committed crimes against Plaintiff's Company *"MRGI,"* as the Indictment alleges, or against any of Plaintiff's Company *"MRGI"* Clients.

PAGE - 10

(v)    ***"Investigation Case Analysis"*** – findings that Plaintiff's Company "***MRGI***," as the Indictment alleges, and any of Plaintiff's Company "***MRGI***" Clients are the same one Company, as evidence established at Trial.

(vi)    ***"Board Resolution"*** – as alleged in the Trial, some of the above-named Defendants testified as State Witnesses that the Plaintiff did not have the authority to withdraw funds from Plaintiff's Company "***MRGI***" Corporate Bank Account, which bears the Plaintiff's notarized signature;

(vii)    ***"Board Resolution"*** – as alleged in Trial that the Plaintiff authorized "***MRGI***" Clients to open a Corporate Bank Account at several banks under the guise of Plaintiff's Company "***MRGI***" and to intercept property intended for the Plaintiff's Company "***MRGI***" that bears the Plaintiff's notarized signature; and

(viii)    ***"Smoking-Gun"*** credible evidence proving Plaintiff's criminal acts, intent, or offenses against Plaintiff or the Plaintiff's Company "***MRGI***" as alleged at Trial.

PAGE - 11

## DISCUSSION

16. Plaintiff asserts His interpretation of **Manifest Constitutional Error** is an error that *"...amounts to a complete disregard of the controlling law or the credible evidence in the record..."* [1]

17. Below, Plaintiff raises two points: First, the Court's role is not adjudicatory, but only ministerial; this means the Defendants is deemed a proper defendant and also falls under the **Ex parte YOUNG** exception. Second, the Court errs in supposing that if **Chapter 11** of the **Texas Civil Practice & Remedies Code**, titled "**Vexatious Litigants,**" were declared unconstitutional, State Judges would still enforce it.

18. Contrary to the Court's ruling, the Honorable Judge Mitch Templeton's role under **Chapter 11** of the **Texas Civil Practice & Remedies Code**, titled "**Vexatious Litigants,**" is not adjudicatory. The Court fails to recognize that State Law draws the line between ministerial and judicial acts, between ruling, which is ministerial and compelled by Statutory Law, and ruling a certain way, which invokes judicial discretion. Case law is clear that *"...ruling upon [a] motion is ministerial..."* citing **"In Re MAREZ,"**

---

[1] Black's Law Dictionary (10th ed.) at 660

PAGE - 12

345 S.W.3d 503, 504 (Tex. App.-San Antonio 2011), because *"...[t]he trial court has no discretion to refuse to act..."*

19. The reason the Court ruled (as opposed to ruling a certain way) is political pressure and *"...purely ministerial, as opposed to discretionary or judicial in nature..."* is that the duty to rule is an *"...act sought to be compelled..."* citing **"In Re DENNIS," No. 2-04-167-CV (Tex. App.—Fort Worth July 8, 2004),** *"...[A] trial court has a ministerial duty to rule...[but]. has no ministerial duty to rule a certain way...."* citing **"SIMON v. LEVARIO," 306 S.W.3d 318, 321 (Tex. Crim. App. 2009).**

20. Had the Honorable Judge Mitch Templeton faced the Plaintiff - in person before the Court's Bench, and before granting the "***Motion to Declare [Plaintiff] A Vexatious Litigant,***" would have recused himself as the presiding judge instantly – to avoid Conflict of Interest or would have denied the Defendant's Motion, because before being elected Judge was one of the Business Attorney of the Plaintiff's Company ***"MRGI" Clients*** - *as discussed herewithin* -  and that the Plaintiff did NOT commit the crimes with his first-hand knowledge - *as the Indictments alleges.*

21. This Petition precisely makes this distinction that the Honorable Judge Mitch Templeton is not being sued in his judicial capacity, that is, in connection with any particular decision to grant or deny permission.

PAGE - 13

Instead, he is sued in his official and administrative capacities in performing the ministerial task of deciding whether to permit a "*vexatious litigant's*" pro se filing, which violated the Plaintiff's Constitutional Rights.

22. The Honorable Judge Mitch Templeton errs by disregarding the distinction and treating all decisions or rulings as the "...*quintessential adjudicatory function*..."

23. The Plaintiff also petitioned this Court to challenge His State's unconstitutional sentence under *28 U.S.C. §§ 1983, 2254* on or about July 25th, 2022. Refer to filed *Pet. Under 28 U.S.C. § 2254* for *Writ of Habeas Corpus by a Person in State Custody*, "*Jones v. State of Texas, et al., 1:21-cv-00514*".

24. Pursuant to *28 U.S.C. §§ 1983, 2254*, Plaintiff has exhausted all applicable State remedies, including direct appeals and writs for post-conviction relief and state habeas corpus. *Id*. He now seeks relief on forty-seven grounds. *Id.* Refer to filed Amended *Pet. Under 28 U.S.C. § 2254* for *Writ of Habeas Corpus by a Person in State Custody*, "*Jones v. State of Texas, et al., 1:21-cv-00514*" on or about August 25th, 2022.

25. In addition to the grounds raised in the petition, the Plaintiff also raises issues of law regarding prosecutorial misconduct and ineffective assistance

PAGE - 14

of Trial and Appellate Legal Counsels, constituting **STRICKLAND** violations.

26. The Plaintiff was denied access to the State's Discovery Files while the Plaintiff was wrongfully incarcerated for crimes that never occurred. The Plaintiff was released on Conditional Parole on or about March 18th, 2021.

27. Upon release from wrongful incarceration, during July 2023, the Plaintiff has discovered exculpatory evidence (*refer to attached **EXHIBITS***) proven His innocence and of felony crimes committed by some of the above-named Defendants, i.e., most of the State Witnesses that testified at Trial indirectly implied alleged crimes committed by the Plaintiff, whereas discovered exculpatory crimes were committed by some of the above-named Defendant, in such a manner of **Organized Crimes** and **Conspiracy**, with the Prosecutor of the Case "Kenneth Bruce Florence" orchestrating the State Witnesses, by leading questions or coaching the State Witnesses and concealing **material facts** of the case committing "**Fraud on the Court,**" to obtain a false conviction against the Plaintiff, citing **"BOYDE v. STATE" State (Tex. Crim. App. 1974)**: the Court held that *"...official misconduct when prosecution deliberately elicits testimony from witness about defendant's guilt..."* also violates Plaintiff's Constitutional Rights.

PAGE - 15

28. **"Fraud On the Court"** or **"Fraud Upon the Court"** refers to "...*a situation in which a material misrepresentation has been made to the court; or refers to a situation in which the court itself has made a material misrepresentation. The overall defining requirement is that the impartiality of the court has been disrupted so significantly that it cannot perform its tasks without bias or prejudice...*"

29. The Plaintiff has filed with the State Judicial District Court and the Appellate Courts numerous ***APPLICATION FOR A WRIT OF HABEAS CORPUS***, to wit: ***WRIT NO. 15-23712-A*** to ***WRIT NO. 15-23712-I***, only to be denied access to the said Courts to be heard, claiming the filed WRITS need to be more compliant or held as non-compliant, since on or about December 20th, 2019. None of the filed Writs has been denied or heard, violating Plaintiff's Constitutional Rights.

30. There are also other pending amended petitions to the said State Judicial District Court, United States District Courts, and the Appellate Courts requesting the respective Court to set aside the Judgement of Conviction that the Jury based the verdict of "***Guilty***" from Perjured Statements to Law Enforcement; Perjured Testimony at Trial; Fabricated Evidence; Manufactured Facts; and False Evidence (*as demonstrated in the attached*

*Exhibits herewithin)* -- *knowingly, recklessly, and willfully* -- violating Plaintiff's Constitutional Rights.

31. The Plaintiff respectfully files this Petition against the above-named Defendants.  During the Trial, some State Witnesses admitted to committing the crimes of which the Plaintiff was falsely accused (*as demonstrated in the attached Exhibits herewithin*), violating the Plaintiff's Constitutional Rights of Due Process of Law.

32. The Plaintiff respectfully requests this Court to consider this Petition, including the crimes of theft of Plaintiff's Intellectual Property, theft of Plaintiff's Professional Services, and misapplication of Fiduciary Property of Property belonging to the Plaintiff and Plaintiff's Company **"*Management Resources Group Inc.*"** (hereinafter known as "**MRGI**") – *as the Indictments alleges*, violating Plaintiff's Constitutional Rights.

33. This is a civil action, possibly criminal activity - in nature, authorized by *42 U.S.C. § 1983* to redress the deprivation, under Color of State Law, and of Constitutional Rights secured by the Constitution of the United States. This Court has jurisdiction under *28 U.S.C. §§ 1331 and 1343 (a)(3)*. The Plaintiff seeks declaratory relief pursuant to *28 U.S.C. §§ 2201 and 2202*. The Plaintiff's claims for injunctive relief are authorized by *28 U.S.C. §§ 2283 & 2284* and **Rule 65** of the **Federal Rules of Civil Procedure**.

PAGE - 17

34. On or about September 1st, 2011, and continuing thereafter up to March 18th, 2021, the Prosecution Team and most State Witnesses engaged in a conspiracy – *knowingly and recklessly* - to frame the Plaintiff, William Curtis Jones, for their felonious crimes, accusing the Plaintiff of their theft, money laundering, and misapplication of fiduciary property of property belonging exclusively to the Plaintiff, as available exculpatory evidence establishes since the Trial, against the Plaintiff and the Plaintiff's solely owned Company "***MRGI***" – *as the Indictment alleges – (refer to Exhibits herewithin)*.

35. None of the State Witnesses at Trial had any legal standing with the Plaintiff's Company "***MRGI***," despite their respective perjured testimony falsely stating otherwise.

36. All of the State Witnesses that testified at Plaintiff's Trial were mere "clients" and nothing more of the Plaintiff's Company "***MRGI***," who lawfully retained the professional services of the Plaintiff - through the Plaintiff's Company "***MRGI***," therefore, had no lawful, legal standing of the Plaintiff's Company "***MRGI***" whatsoever.

37. None of the State Witnesses had any direct involvement in the business or operational affairs of the Plaintiff's Company "***MRGI***." As a result of most of the State Witnesses' perjured testimony and criminal conspiracy actions,

PAGE - 18

Plaintiff "unlawfully" and "unconstitutionally" spent three (3) years and two (2) months of His life wrongfully incarcerated for a crime the Plaintiff did not commit, specifically of crimes that never occurred by the Plaintiff, but rather by some of the State Witnesses and others, who pinned their crimes to the Plaintiff.  The legal definition of "laches" is *"...undue delay in asserting a legal right or privilege; to bring a legal claim in the proper, or reasonable, time..."*

38.  The Plaintiff refuses to give up hope in the truth that should eventually prevail.  Therefore, the Plaintiff respectfully requests this Court to consider this Petition as laches.  The following is submitted in anticipation of a question of laches being raised: the ***Texas Court of Criminal Appeals***' opinion in "**Ex Parte PEREZ,**" **398 S.W.3d 206 (Tex. Crim. App. 2013):** *"...discussed the concept of laches as applied to "motion" or "writ application"..."* and that laches does not apply to this case for the following reasons; that:

(i)  … laches is a procedural bar to consider the merits of the claims in the writ application. In this case, the Plaintiff has demonstrated from numerous filed "motions," "petitions," and "writs" proving His actual innocence in a way that allows consideration of the Writ's Grounds, regardless of the Application for a Writ of Habeas Corpus of any

PAGE - 19

procedural bar. In addition to the showing of actual innocence made under the thirty-five (35) Grounds of the Writ Application, the Plaintiff has proven His innocence and has demonstrated actual innocence under the lower standard of **"SCHLUP v. DELO," 513 U.S. 298 (1995)**. That, a **"SCHLUP"** claim, as contrasted with the **"HERRERA–ELIZONDO" – "Ex Parte ELIZONDO," 947 S.W.2d 202 (Tex. Crim. App. 1996)** *"... of actual innocence raised in the writ application, does not by itself provide a basis for relief, but allows a court to consider otherwise-barred claims of constitutional error that may render a person's conviction constitutionally invalid..."* See **"Ex Parte ALLEN," 366 S.W.3d 696 (Tex. Crim. App. 2009)**: *"...the proof necessary to satisfy "SCHLUP" is lower than that for an "ELIZONDO" claim..."* Citing **"ALLEN"** under **"SCHLUP"** - *"...the petitioner must show that "he is 'probably' actually innocent, meaning that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence..."*, while **"ELIZONDO"** requires: *"...that this showing be made by "clear and convincing" evidence..."* **Id. at 705**. "...regardless of the court's resolution of the applicant's actual innocence claim, there is no question that in light of the new evidence, particularly the

PAGE - 20

unlawful concealment of exculpatory evidence implicating a certain Chief Prosecutorial Witness as the **"Affiant,"** is "more likely than not" that no reasonable juror would have convicted the applicant, especially in the light of false evidence was presented in Trial by the State. Because *"...laches is akin to a procedural bar argument, a showing of actual innocence under this **"SCHLUP"** Standard defeats the laches claim...".*

(ii)  … Plaintiff's Petition is based on newly discovered and available exculpatory evidence found during July 2023. This includes the new exculpatory evidence, unavailable until after the Plaintiff's release from wrongful incarceration in mid-March 2021.

(iii)  … the Plaintiff's writ application is based on newly available legal grounds. **"Ex Parte CHABOT," 300 S.W.3d 768 (Tex. Crim. App. 2009)** established, for the first time, that *"...false evidence and false testimony presented by certain State Witnesses with or without the knowledge of the Prosecutor is a violation of Due Process of Law...";* In **"Ex Parte CHAVEZ," 371 S.W.3d 200 (Tex. Crim. App. 2012),** the Court recognized that *"...for relief identified in "CHABOT" was a new legal basis for a writ, such that the general prohibition on subsequent writs did not apply..."* The Plaintiff's Actual Innocence

PAGE - 21

Relief Claims established a new relief based on newly discovered exculpatory evidence, which the Plaintiff asserts in the filed Writ for a Habeas Corpus. This was *"...a ground for relief that was not available prior to the effective date of the indictment..."* citing **"Ex Parte ROBBINS," No. WR-73,484-02, (Tex. Crim. App. Nov. 26, 2014)**.

(iv)  ...laches is a legal doctrine that can be applied in various areas of law, including motions or writs. It is *"...a defense that a defendant can raise to argue that the judicial district court's claim should be barred or denied due to the State's ignorance of the case or unreasonable delay in asserting their case..."* which has unconstitutionally prejudiced the Plaintiff.

(v)  ...in the context of this Petition, laches may be invoked by the State to argue that Plaintiff delayed in seeking the writ and that this delay has caused harm or prejudice to Plaintiff. The doctrine of laches emphasizes the importance of timeliness in legal proceedings. It aims to prevent unfairness or injustice resulting from the State's unreasonable delay in pursuing their case.

PAGE - 22

(vi) ...the Plaintiff is likely to prevail on the merits. Citing **"PEREZ"** - the court recognized that *"...if a habeas applicant is reasonably likely to prevail on the merits, laches may not apply..."*;

(vii) ...moreover, the State will NOT be materially *"**prejudiced**"* due to any arguable delay. There is new evidence of innocence and new legal grounds for granting this Petition and the Writ Application in Case No. 1:21-cv-0514. The fact that the State will be precluded from relying on false evidence and testimony – as demonstrated in the attached Exhibits - from the remanded new trial in the future is not the type of prejudice anticipated by the Laches case law.  Indeed, and perhaps most fundamentally – the State itself sought and continued to present additional false evidence, to-wit *State Witnesses' Testimony during the Trial, altered **Audio Tape Recording** during the Trial, or presentment of copies of **bogus checks**, <u>should have been declared irrelevant and did not prove ANY criminal intent by the Plaintiff</u>,* thereby conceding any relevancy and timeliness of the Plaintiff's claim of actual innocence and related challenges to his convictions, and violating Plaintiff's Constitutional Rights.

39. Having sought every available lawful remedy (at considerable expense to Jefferson County Taxpayers) which yet again failed to inculpate the

PAGE - 23

Plaintiff – and, indeed, only excluded Him as the source of false evidence presented on every State Exhibits presented at Trial, the State cannot now seek to bar the Plaintiff from having any courts – including this Court - adjudicate on the merits of His newly discovered "exculpatory evidence" as the based claims for relief.

40. More than five (5) years after Plaintiff was initially convicted, Plaintiff, as "*pro se,*" is aggressively pursuing all legal avenues to overturn His wrongful conviction and secure His release from parole – which is a form of restraint of freedom and liberty, based on newly discovered exculpatory evidence - violating Plaintiff's Constitutional Rights.

41. Specifically, during the Summer of 2018, the Plaintiff was able to take advantage of an investigative news reporter who was following the Plaintiff's case to conclusively establish the Plaintiff's innocence of the crime for which the acts of official misconduct and malicious prosecution had wrongfully prosecuted the Plaintiff and therefor ultimately wrongfully convicted.

42. Though the Plaintiff has NOT yet obtained His freedom, the Plaintiff will never regain the lost years and months of His life that were stolen from him by the unlawful acts of the above-named Defendants. Because of the Plaintiff's illegal arrests, the above-named Defendants robbed the Plaintiff

of His liberty and freedom and almost six (6) years of the Plaintiff's critical

time with His wife and only son's young adult life. This lawsuit seeks

redress for those injuries.

## Nothing suggests that if Chapter 11 of the Texas Civil Practice & Remedies Code, titled "Vexatious Litigants," is declared unconstitutional, Judges would still enforce it.

43. Plaintiff is now subject to prefiling orders prohibiting Plaintiff from filing

new pro se lawsuits without permission from the Administrative Judge of

Jefferson County [Texas] or risk being arrested for "parole violations."

44. The Court ordered, adjudged, and decreed that under ***Chapter 11,***

***Subchapter C of the Texas Civil Practice and Remedies Code***, the

Plaintiff is prohibited from filing, pro se, new litigation in any State Court

located in the State of Texas without first obtaining permission of the local

administrative judge after the local administrative judge finds that the

proposed litigation has merit and is not filed for the purpose of harassment.

Plaintiff's disobedience of this section of this Order will place him in

contempt of court.

45. Plaintiff - labeled a (false) "***vexatious litigant***" should violate a pre-filing

order—even after ***Chapter 11 of the Texas Civil Practice & Remedies***

PAGE - 25

Code, titled *"Vexatious Litigants"* was declared unconstitutional — the Plaintiff would be subject to contempt and His case would be dismissed, or possibly "parole violation."

46. The Court ruling leaves unexplained why Plaintiffs "would still be subject" to prior orders restricting their right to petition and to access the courts. Plaintiffs submit that the Opinion's cases cited for this proposition are inapposite. [2]

47. On the contrary, Plaintiff emphasizes that in addition to seeking an injunction against Defendants' enforcement of *Chapter 11 of the Texas Civil Practice & Remedies Code, titled "Vexatious Litigants,"* they also pray for *"..a declaratory judgment that sets forth..."* that *Chapter 11 of the Texas Civil Practice & Remedies Code, titled "Vexatious Litigants"* is unconstitutional on its face is whether State Courts will continue to exercise their contempt power in order, forcing compliance to *Chapter 11 of the Texas Civil Practice & Remedies Code, titled "Vexatious Litigants"*, even if it is declared unconstitutional. The Court seems to

---

[2] The cases cited are not similar enough in their facts or procedural posture for their holdings to be apposite to this case. Indeed the Court ruling relies almost entirely on obiter dicta. Plaintiff concur that cases on point to this case, apparently, do not exist or are difficult to find, except for Wolfe v. Strankman, 392 F.3d 358 (9th Cir. 2004), which the Court has found unpersuasive.

PAGE - 26

suggest that State Judges would continue to enforce **Chapter 11** unless they were enjoined from doing so.

48. The Plaintiff maintains that declaring a statute unconstitutional is slightly less powerful than an injunction forbidding the statute's enforcement. A declaration of unconstitutionality, at a minimum, tells the legal community and the public that the statute in question cannot be enforced.

49. The Plaintiff finds support for this proposition in the fact that a declaration of unconstitutionality can even be applied retroactively in some cases. Examples are **"MILLER v. ALABAMA," 567 U.S. 460 (2012)** and **"MONTGOMERY v. LOUISIANA," 577 U.S. 190 (2016)**, and **"In Re GREENWOOD," No. 19-60884 (5th Cir. Feb. 18, 2022)**. In these cases, sentencing a minor convicted of murder to life imprisonment without parole was held unconstitutional. Courts then applied the holding retroactively and entertained whether a change in sentence was due. Thus, the statute's being unconstitutional had a strong effect. At the same time, there remains disagreement about what it means to declare a statute - as law - unconstitutional. [3]

---

[3] Marbury v. Madison declared that "*one of the fundamental principles of our society*" is that "*an act of the legislature, repugnant to the constitution, is void.*" Marbury v. Madison, 5 U.S. 137, 1 Cranch 137 (1803). At the same time, some are questioning whether lack of constitutionality renders a statute "*void.*" See Jonathan F. Mitchell,

**It is plain error to rely on an unadopted Administrative Judge's recommendation in another case.**

50. The Court's Ruling cites a Jefferson County Administrative Judge's ***Report and Recommendation*** in any new cases in Texas. The ***Report and Recommendation*** may be strewn with factual errors, misleading and incomplete statements, and perfunctory treatment of the law, including a significant misstatement. Its effect is to spread falsehood to the ***Report and Recommendation*** without adding anything relevant and find fault with it, violating the Plaintiff's Constitutional Rights.

51. In reality, "***Federal Rule of Civil Procedure 41(a)(1)(A)(i)*** grants *"...[a party] an absolute right to dismiss his lawsuit before the defendant has filed an answer or a summary judgment motion..."* citing **"WELSH v. CORRECT CARE, L.L.C., 915 F.3d 341, 343 (5th Cir. 2019)**. The "***Plaintiff's Motion to Dismiss Defendant's Motion to Declare [Plaintiff] A Vexatious Litigant*"** met those requirements. It was denied by the Honorable Judge Mitch Templeton.

---

*The Writ-of-Erasure Fallacy, 104 Va. L. Rev. (2018)*. Electronic copy available at:
https://ssrn.com/abstract=3158038

PAGE - 28

52. The Court also errs when it purports to summarize facts, but the impression is incorrect. For example, the Court is wrong in part when the Jefferson County District Attorney's Office intentionally misled the Court by giving a false impression that Plaintiff has filed frivolous complaints or lawsuits ensnared a long list of high-end defendants, after which the Honorable Judge Mitch Templeton expeditiously recommended dismissing two other filed lawsuits within Jefferson County Judicial District Courts including the two cases filed in the said Honorable Judge Mitch Templeton's Court.

53. This mis-describes the events. In reality Plaintiff — who was not proceeding pro se —filed suit for Defamation and Legal Malpractices.

54. In sum, the material facts are contrary to the false impression created by the Jefferson County District Attorney's Office to avoid prosecution of certain members of the prosecution team and, in reliance on that Motion filed, part of this Court's Order.  See *Figure "1"* insert below, Judge Templeton's Order. Below is Plaintiff's extract from the Order the passage that so held:

PAGE - 29

Cause No. E-207,488

| WILLIAM CURTIS JONES | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| JEFFERSON COUNTY DISTRICT | § | |
| ATTORNEY OFFICE, ET AL | § | 172ND JUDICIAL DISTRICT |

**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT;**
**SETTING AMOUNT & DATE TO PROVIDE SECURITY; and**
**ORDER REQUIRING PLAINTIFF TO OBTAIN PRE-FILING APPROVAL**

BE IT REMEMBER that on this day came on to be heard Jefferson County District Attorney's Office ("JCDA"), Kenneth Florence ("FLORENCE"), Charles Hawkes ("HAWKES"), and Jefferson County Sheriff's Office ("JCSO"),[1] (collectively "County Defendants") Defendants' Motion to Declare Plaintiff William Curtis Jones a Vexatious Litigant. After considering Defendants' Motion, along with exhibits attached thereto, arguments of Defense Counsel, Plaintiff's Response, if any, and Plaintiff's arguments, if any, this Court determines that such Motion has merit and should be granted. Accordingly, its

ORDERED ADJUDGED AND DECRED that Defendants' Motion to Declare Plaintiff William Curtis Jones a Vexation Litigant is HEREBY GRANTED.

IT IS FURTHER ORDERED ADJUDGED AND DECRED that William Curtis Jones is hereby declared a Vexatious Litigant as that term is defined by Chapter 11 of the Texas Civil Practice and Remedies Code.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that Plaintiff William Curtis Jones is hereby ORDERED to furnish security for the benefit of the County Defendants in the amount of $ 50,000.00 and such security shall be deposited into the registry of the

---

[1] Plaintiff has misidentified Jefferson County Sheriff's Office as Jefferson County Sheriff's Department

PAGE - 30

court on or before _**11/20**_ , 2021. Plaintiff William Curtis Jones' failure to furnish security in the amount and within the time ORDERED herein shall result in the dismissal of Plaintiff William Curtis Jones' lawsuit, WITH PREJUDICE.

IT IS FINALLY ORDERED ADJUDGED AND DECREED that pursuant to Chapter 11, Subchapter C, of the Texas Civil Practice and Remedies Code, William Curtis Jones, last four digits of his Social Security number are 6355, is prohibited from filing, *pro se*, new litigation in any state court located in the State of Texas without first obtaining permission of the local administrative judge after the local administrative judge finds that the proposed litigation has merit and is not filed for the purpose of harassment  William Curtis Jones' disobedience of this section of this ORDER will place him in contempt of court.

SIGNED this _**20th**_ day of October 2021.



Hon. Mitch Templeton

*Figure 1 -- Judge Templeton's Order*

**Any Administrative Judge's Report and Recommendation of Importing into this Case would be deemed defective and void based on fraudulent and false evidence from the Jefferson County District Attorney's Office.**

PAGE - 31

55. Administrative judges are not Article III judges. *"...[T]he magistrate's role under § 636(b) is advisory, not adjudicatory...."* citing **"UNITED STATES v. COOPER,"** 135 F.3d 960, 963 (5th Cir. 1998) (emphasis added), *"...here, any administrative judge's Report and Recommendation purports to rely for authority on an advisory paper from another case, outside this case ...[a] administrative judge's report is nothing like a jury verdict or the oral disposition of a district judge..."* **ibid**, *"...a magistrate judge's report is not an appealable judgment..."* **Id. at 962**.

56. More simply stated, *"...only Article III judges, not their adjuncts, have the power to dispose of cases or controversies..."* citing **"UNITED STATES v. JIMENEZ-ELVIREZ,"** 862 F.3d 527, 538 (5th Cir. 2017) (quoting **"UNITED STATES v. DEES,"** 125 F.3d 261, 265-67 (5th Cir. 1997)**.** The Court held that *"...**DEES** found that magistrate judges' conducting plea proceedings did not run afoul of Article III because the taking of a plea by a magistrate judge does not bind the district court to accept that plea..."* **Ibid**.

57. Even if a local Administrative Judge's ***Report and Recommendation*** were treated as a judgment instead of a recommendation, the *"...decision of one district court is not binding upon a different district court..."* citing **"STARBUCK v. CITY AND COUNTY OF SAN FRANCISCO,"** 556

PAGE - 32

**F.2d 450, 457, n. 13 (9th Cir. 1977) (quoting 1B Moore's Federal Practice, P 0.402(1), p. 61 (2d ed. 1947).**

## Administrative Judges may not conduct their fact-finding outside of Court.

58. Juries are NOT permitted to conduct fact-finding outside the trial — for example, from the internet, news sources, or friends. It is called "***jury misconduct***" because the jury is warned about it, and it eliminates due process of law.

59. It is the same with judges. Nothing permits a judge to obtain and use information outside of what is presented in his court. Here, *"...what is presented in court..."* is limited to only the motions and responses filed for the Court's adjudication.

60. In a recent case, the Fifth Circuit found an error when a magistrate judge considered, for his report, an affidavit attached to a defendant's motion to dismiss. It was error because when ruling *"...on a motion to dismiss, a court may consider "outside" evidence—or facts beyond those complained of or judicially noticed—attached to a motion to dismiss when such documents are "referred to in the plaintiff's complaint" and "central" to*

PAGE - 33

*the plaintiff's claims..."* citing **"WOOD v. BEXAR COUNTY," No. 22-50888, (5th Cir. May 19, 2023) (emphasis added)** - citing **"CAUSEY v. SEWELL CADILLAC-CHEVROLET, INC." 394 F.3d 285, 288 (5th Cir. 2004,** *"...nothing in the complaint hinges in the slightest way on the R&R. Thus, the "outside evidence" may not be considered... But even if the magistrate judge's R&R was central to Plaintiffs' claims here—which it is not— when looking to such documents, a court is still bound to draw all inferences in favor of the plaintiff..."* **Ibid. (citation omitted)**. Therefore, a local Administrative Judge Magistrate Judge *Report and Recommendation* are very far from anything relevant to the Plaintiff's case before the Court because any evidence presented by the Defendants would be deemed fraudulent and false, as discussed herewithin this Petition.

## Any Report and Recommendation from a Local Administrative Judge would be deemed defective and void based on fraudulent and false evidence from the Defendants.

61. A court may not take facts from other cases or courts. The Court's ruling here erroneously adopted materially false facts from documents generated by a different judge in another case. Material from another case cannot be

evidence because such records are hearsay. They are out-of-court statements presented for the truth of the matters asserted in them.

62. At the least, if a court wanted to take facts from another court, it must take judicial notice; in other words, the adversaries would debate whether the requirements of judicial notice were met, such as the level of veracity. Even so, *"...courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these are disputable and usually are disputed..."* citing **"TAYLOR v. CHARTER MEDICAL CORP." 162 F.3d 827, 830 (5th Cir. 1998)**, *"...courts can only properly take notice, under Rule 201(b), of [a] judgment for the limited purpose of taking as true the action of [that] court in entering judgment..."* citing **"COLONIAL LEASING CO. OF NEW ENGLAND, INC. v. LOGISTICS CONTROL GROUP INTERN." 762 F.2d 454, 459 (5th Cir. 1985) (emphasis added)**. The Fifth Circuit has continued to adhere to this rule. Citing **"WOOLEY v. HAYNES & BOONE, L.L.P." No. 11-51108 (5th Cir. July 5, 2012)** *"...improper to take judicial notice of the contents of filings from another case...sister circuits agree that "[a] court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment..."* citing **"UNITED STATES v.**

PAGE - 35

**SINE," 493 F.3d 1021, 1036 (9th Cir. 2007) (internal quotations and citations omitted).**

63. This rule is not a technicality. It exists to avoid the danger that one court will import the errors of another. This potential local Administrative Judge's Report and Recommendation's falsehoods as fact because it adopted the points in the Administrative Judge's Report and Recommendation. That Report and Recommendation is strewn with factual errors and misleading statements because its purported facts were true and correct from the Jefferson County [Texas] District Attorney's Office, which has presented fraudulent and false evidence at Trial – as demonstrated in the attached Exhibits herewithin – or imported from an earlier opinion of Court of Appeals, whose bench at the time comprised all new justices, reported errors or misleading statements by adopting its facts from a much earlier Court of Appeals opinion decided by justices who no longer remained on that bench.

64. To the extent the Court's Rulings drew from the local Administrative Judge's *Report and Recommendation*, it relied on fourth-hand reporting of some other court's findings or cascading from fraudulent or false evidence as demonstrated below (refer to Exhibits herewithin).

PAGE - 36

**Any Report and Recommendation from a Local Administrative Judge may have Myriad Factual Errors that should be eliminated or at least corrected, that was based on fraudulent and false evidence from the Defendants.**

65. Nearly every factual statement in a magistrate judge's R&R may be woefully incomplete, misleading, or simply false, or based on fraudulent or false evidence from the Defendants. Unavoidably, because the Court's Ruling drew facts about the Plaintiff's Original Complaint, the Jefferson County District Attorney's Office, with fraudulent and false evidence, the Court's ruling is also strewn with factual error. In the case before the said 172nd Judicial District Court, the Court ruled the Plaintiff a "*Vexatious Litigant*" based on the Plaintiff's multiple lawsuits against various defendants, other than the named Defendants in this Petition and the Judges presiding over those other cases. This defamatory statement by the Jefferson County District Attorney's Office is materially false.

66. Second, the Court errs when it describes that Plaintiff was found *vexatious* "based on" multiple lawsuits filed by the Plaintiff. This is a crucial misstatement because, in reality, Plaintiff has no idea what the decision was based on; the trial court judge wrote no opinion or summary of any kind and refused to file findings of fact and conclusions of law. It took that

PAGE - 37

position because Defendant ***Jefferson County [Texas] District Attorney's Office*** urged ***Chapter 11,*** which does not require findings and conclusions.

67.    Plaintiff's Petition makes this very allegation.  In this case, in a Chapter 11 proceeding, the judge often examines no documents, admits or rejects no evidence, places no records in the court file, and files no findings of fact or conclusions of law, with the standard of review being only abuse of discretion.

68.    In reality, the Judge and Defendants could not find the required five "***litigations***" that were resolved adversely to Plaintiff. So, Defendants successfully urged the Judge to count motions, orders, sub-parts of cases, and even sub-parts of cases Plaintiff has filed in Jefferson County. Nor could the Court find five adversely-determined litigations by Plaintiff. They found only two. Those were not final when the Plaintiff was unconstitutionally declared a "***Vexatious Litigant***."  This and others of the Court's affirmance deservedly drew public mockery on a citizen website covering Texas courts. [4]

---

[4] See https://tinyurl.com/2p85udad ("This 'Opinion'[declaring Serafine a "vexatious litigant"] is an embarrassment to the Texas Judiciary, the Texas Constitution, and to common sense.").

69. The Court's ruling to recognize what Texas and Federal Courts have long recognized: *"...Judges are not immune from **Section 1983** actions for declaratory or injunctive relief. [citations omitted] Judicial immunity, in fact, is not a bar to prospective injunctive relief in a **Section 1983** action against a judicial officer acting in his official capacity..."* citing **"REYNA v. CITY OF WESLACO," 944 S.W.2d 657, 661 (Tex. App.—Corpus Christi 1997)**, citing **"PULLIAM v. ALLEN," 466 U.S. 522, 541 (1984)**.

70. **"BAUER"** is the same. *"...absolute judicial immunity . . . does not bar prospective relief against a judicial officer..."* **"BAUER v. TEXAS, 341 F.3d 352, 357 (5th Cir. 2003)** (also citing **"PULLIAM v. ALLEN"**), *"...the judges could not obtain dismissal of it, except through the use of the "Vexatious Litigant" statute..."*

71. All lawyers reading that Section recognizes that its purpose is not to expound on constitutionality but to inculcate negative attitudes against the plaintiff. All lay readers of the Section would conclude that, as expected, Courts are biased and unjust.

72. The alleged Statutory Law defines *"**Misapplication of Fiduciary Property**"* when: *"...a person commits the offense of misapplication of fiduciary property by intentionally, knowingly, or recklessly misapply property he holds as a fiduciary - under an "agreement" which the fiduciary holds the*

PAGE - 39

*property and in a manner that involves substantial risk of loss to the owner of the property...".*

73. Plaintiff was accused of ***misapplication of fiduciary property*** of "property" belonging exclusively to the Plaintiff and the Plaintiff Company "***MRGI***" by a crazed woman claiming that she was the owner of the Plaintiff's Company "***MRGI***" and alleging that Plaintiff had stolen money from her. She filed her fraudulent "***Criminal Complaint Affidavit***" against the Plaintiff. The said "***Criminal Complaint Affidavit***" became the basis of the false ***Probable Cause Affidavit*** and the invalid, defective Indictments, violating the Plaintiff's Constitutional Rights of Due Process of Law.

74. In summary, the "***Defendant***" and the "***Complaining Owner***" in the Indictments are the same one persons as the "Plaintiff", violating the Plaintiff's Constitutional Right of FIFTH AMENDMENT; citing: **"PETERSON v. STATE", 781 S.W. 2d. 933, 935 (Tex. Crim. App. 1989)**: *"...the legislature precluded a prosecutor from presenting an information or indictment until formal, proper affidavit(s) has been made by some credible person, charging the defendant with an offense; and also mandated... the affidavit(s) shall be filed [attached] with the "indictment" as "attachment... that such an affidavit(s) was sworn to an oath by the AFFIANT... a complaint within the meaning of ****Texas Code of Criminal****

PAGE - 40

*Procedure, Article 15.04... in other words, a prosecuting attorney or police or anyone employed as a part of the prosecution team are NOT authorized to institute prosecution in the Court's, upon its independence act or of his own volition... one may NOT be both the "accuser" and the "prosecutor" in a criminal proceeding / case..."*

75. This woman, who filed the *"Criminal Complaint Affidavit,"* had no legal standing and no relationship with Plaintiff and the Plaintiff Company *"MRGI."* This charge was utterly false because Plaintiff was the legal, sole owner of the Plaintiff's Company *"MRGI"* and the property or assets in question, which could have easily been proven by checking with the corporate filing records held by the Secretary of State of Texas.

76. In summary, the Jury's verdict was based on fabricated evidence, false evidence, or false testimony. Refer to *Texas Code of Criminal Procedure, Article 55.01(a)(2)(A)(ii)*: *"...a finding that the presentment of indictment was made because of false evidence; false information; or other similar reasons indicating absence of lawful "probable cause affidavit"; and that the Grand Jury had based its decision on erroneous and fraudulent presented information..."*; citing: **"BRENT v. STATE," 916 S.W. 2d 34,37 (Tex. Crim. App 1995)**: *"...a warrant "affiant" violates the FOURTH AMENDMENT when he / she knowingly or with reckless disregard for the*

PAGE - 41

*truth, includes false statements in the 'affidavit(s)"; ...or knowingly or recklessly "omits" from the "affidavit(s)" information which, if included would have vitiated that "probable cause affidavit(s)..."*

## THE PARTIES

77. The Plaintiff "William Curtis Jones" is now a 65-year-old "temporary" resident of the City of Austin, Texas. When falsely accused, maliciously prosecuted, and wrongfully convicted by the above-named Defendants, the Plaintiff was a 59-year-old successful professional Project Management Director for several international oil and gas entities with an internationally known, proven record. Since then, He has been wrongfully incarcerated or on parole for crimes that never occurred, violating Plaintiff's Constitutional Rights.

78. The Defendants, always relevant hereto, Defendants **LON HEUER, CHARLES KEITH HAWKES, QUENTIN PRICE,** and **KENNETH BRUCE FLORENCE** with the ***Jefferson County District Attorney's Office,*** who oversaw the investigation and conspired that led to the Plaintiff's wrongful conviction and wrongful incarceration, and Defendant **BRIAN JAGNEAUX** with the ***Texas Department of Public Safety*** –

PAGE - 42

***Criminal Investigation Division***.  In these capacities, these said

Defendants in this Paragraph 77, were fully aware – during their

investigation - that the Plaintiff did NOT commit the crimes as accused,

nor provided any credible evidence proving that the Plaintiff committed

crimes - were the lead investigators of the Plaintiff as identified in the

following two Paragraphs.  Defendants knowingly and willfully concealed

exculpatory evidence, proving Plaintiff's innocence.  Therefore, the

Defendants in this Paragraph 24 - waive all immunity from prosecution or

claims by this Plaintiff's Petition.

79. At all times relevant hereto, Defendant, **JENNIFER DOORNBOS,** and

others were duly appointed State Witnesses assigned to the Prosecution

Team. Some State Witnesses were identified as key State Witnesses,

whereas Defendant **JENNIFER DOORNBOS** was designated as the ***Chief***

***Prosecutorial Witness*** as described herewithin.

80. At all times relevant hereto, all the foregoing Defendants are sued in their

individual, official capacities and improperly influence State Witnesses

during the Trial.  All acted under the Color of Law and in an unlawful

capacity as State Witness, and in the scope of their employment and

improperly influenced engaging in the actions alleged in this Petition,

violating Plaintiff's Constitutional Rights.

PAGE - 43

## BACKGROUND ALLEGATIONS

81. Plaintiff turns now to five reasons why it is plain error for the Court's Order to potentially rely on an unadopted Administrative Judge's *Report and Recommendation* in another case:

   (a) An unadopted *Report and Recommendation* is not worthy of importing into this case;

   (b) In effect, the court purports to conduct its fact-finding, which is impermissible;

   (c) In particular, a court may not take facts from another court's record or documents;

   (d) The court's order may contain myriad errors imported from the bias *Report and Recommendation*; and

   (e) The *Report and Recommendation* are tainted with political bias.

82. Upon information and belief, during the timeframe of August 2009 through March 2012, possibly thereafter, some of the State Witnesses, including Defendants **JEFF HAYES, FLOYD MARCEAUX, JOHN E. HENNIGAN**, and **JENNIFER ELAINE DOORNBOS**, were engaged in alleged criminal activities, namely of Corporate Fraud, Money Laundering, Misappropriation of Corporate Property, Misapplication of Corporate

Property, and Thefts of Corporate Property, as the concealed exculpatory evidence reveals.

83. Upon information and belief, from that timeframe forward, the said alleged criminal activities (*refer to EXHIBITS herewithin*) attracted baseless, consistent local news media of "*fake news*" created by Defendant **JENNIFER ELAINE DOORNBOS** (refer to *EXHIBIT "24"* herewithin) directing attention toward the Plaintiff; as a result, there was substantial pressure on the *Jefferson County District Attorney's Office,* to identify a "*scapegoat*" for actual criminal activities on the Plaintiff. In contrast, knowingly, the real perpetrators of the said illegal activities were part of Defendant **JENNIFER ELAINE DOORNBOS'** unlawful schemes to gain access to the Plaintiff's Company "**MRGI**" Corporate Bank Account (refer to *EXHIBITS "9" and "10"* herewithin).

84. When weeks passed without the arrest of any suspects, **JENNIFER ELAINE DOORNBOS** proceeded to portray herself as being the lawful owner of the Plaintiff's Company "*MRGI,*" *as the Indictments alleges*, by filing a perjured "*criminal complaint affidavit,*" allegedly before a Magistrate Judge – sworn to an oath as the "**AFFIANT**," and as the *Chief Prosecutorial Witness*. She stated that Plaintiff stole, laundered, and

misapplied property of property belonging to Plaintiff's Company "**MRGI**," which she sworn was her Company - *as the Indictments allege*.

85. Defendants **JEFF HAYES, FLOYD MARCEAUX, JOHN E. HENNIGAN**, and **JENNIFER ELAINE DOORNBOS** had no legal standing in the Plaintiff's Company "**MRGI**" – is **MATERIAL FACT**, made false claims that the Plaintiff – as the "***Defendant***" - stole, laundered, and misapplied property of property belonging – lawfully – to the Plaintiff – as the lawful "***Complaining Owner***" – and that the Plaintiff acted without the effective consent of the same Plaintiff, and of unlawful acts from the Plaintiff's Company "**MRGI**."

86. During the Trial, outside the courtroom, Defendant, **JENNIFER ELAINE DOORNBOS** admits to Plaintiff's Legal Counsel and the Prosecutor of the Case after learning that the Plaintiff's Company "**MRGI**" and Plaintiff's Client "**MRG (Ltd) OPERATING GROUP LTD.**" (hereinafter known as "**MRG**"; then later changed the name to "**VERTE' ENERGIQUE ENTERPRISES GROUP LTD.**") are NOT one of the same Company as presented in the Plaintiff's Criminal Trial proceedings.

87. **JENNIFER ELAINE DOORNBOS** also admits that she was NOT aware that the two companies are separate entities and that she was never a part of either Company or had any legal claims to the Plaintiff's Company

PAGE - 46

"*MRGI*"; instead, she sought an angle to gain access to Plaintiff's

Company "*MRGI*" Corporate Bank Account after she learned that her

family company had invested (loaned) millions to one of the Plaintiff's

Company "MRGI's" Clients. Her plans to prosecute the Plaintiff would

enable her access to the "*MRGI*" Corporate Bank Account. However, that

contribution was made in Plaintiff's Client "**MRG (Ltd) OPERATING**

**GROUP LTD.**" Corporate Bank Account, not "*MRGI*." Defendant,

**JENNIFER ELAINE DOORNBOS,** was being prosecuted in another

criminal case and sought funds to pay back restitution (*refer to EXHIBIT*

*"25" herewithin*) after portraying herself as being a criminal attorney.


**Plaintiff has exhausted all available state remedies relating to the
forty-seven (47) grounds for Habeas Corpus the Plaintiff raised
and now respectfully requests this Court grant relief from the
wrongful State conviction based on each of the alleged crimes
that never occurred.**

88. In the "amended" Petition - in support of a *Writ of Habeas Corpus* under

28 *U.S.C. § 2254*, the Plaintiff raised forty-seven (47) grounds on which

the Trial Court erred in its judgment. Refer to *Pet. Under 28 U.S.C. § 2254*

for *Writ of Habeas Corpus by a Person in State Custody*, "*Jones v. State*

*of Texas, et al., 1:21-cv-00514*", pursuant to *28 U.S.C. § 2254.* The

PAGE - 47

Plaintiff exhausted all State avenues for relief before bringing the petition underlying this Petition. **Id.** Specifically, the AEDPA precludes any federal court, absent exceptional circumstances, from granting relief under Habeas Corpus unless the petitioner has exhausted all available relief under state law - citing *28 U.S.C. § 2254(b)(1)*; also citing *"O'SULLOVAN v. BOERCKEL," 526 U.S. 838, 842–44 (1999)*: *"...to exhaust all available state remedies, the petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights..."* citing *"DUNCAN v. HENRY," 513 U.S. 364, 365 (1995)*.

89.  Here, the Plaintiff filed a Motion for a New Trial, Direct Appeal, a Motion for Post-Conviction Relief, and a State Application for a Writ of Habeas Corpus. All three remedies sought resulted in erroneous, violated the Rule of Law, incorrect determination (writs not in compliant), and no decisions or rulings to date of this Petition.

90.  The forty-seven (47) grounds raised in Plaintiff's *"28 U.S.C. § 2254 Petition"* in Case No. 1:21-CV-0514 were all addressed by one or more of the exhausted State remedies Plaintiff sought prior to the petition.    Having exhausted available State remedies for all forty-seven (47) grounds raised in the Plaintiff's Petition for Writ of Habeas Corpus, the Plaintiff now

PAGE - 48

respectfully requests this Court grant him relief from His wrongful State Conviction of alleged crimes that never occurred. Refer to ***Pet. Under 28 U.S.C. § 2254*** for ***Writ of Habeas Corpus by a Person in State Custody***, "***Jones v. State of Texas, et al., 1:21-cv-00514***", pursuant to ***28 U.S.C. § 2254.***

91.   In addition to the grounds mentioned herewithin, Plaintiff also requests this Court to take notice once again of the ***STRICKLAND*** violations resulting from ineffective assistance of trial and appellate counsel.

## The Plaintiff's ineffective assistance of Trial and Appellate Legal Counsel claims is sufficient to warrant this Court's grant of Petition for Writ of Habeas Corpus under *"STRICKLAND v. WASHINGTON."*

92.   A Federal Court may not grant Habeas relief for a State Court conviction unless the conviction *"...resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established Federal law . . . or resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding..." 28 U.S.C. § 2254(d)*.

PAGE - 49

93. Established Federal Law has been interpreted to only include United States Supreme Court holdings *"...as of the time of the relevant State-Court decision..."* **"WILLIAMS v. TAYLOR", 529 U.S. 362, 412 (2000)**.

94. Ineffective assistance of counsel under the **"STRICKLAND"** regime was an established Federal Law by the time of the Plaintiff's wrongful conviction. Citing **"WILLIAMS," 529 U.S. at 391**; also citing **"STRICKLAND v. WASHINGTON," 466 U.S. 668 (1984)**. Therefore, *"...a petitioner must be granted habeas relief if the State Supreme Court's denial of his ineffective assistance claims was ...**contrary to, or involved in an unreasonable application of"** the Strickland doctrine..."* **28 U.S.C. § 2254(d)**.

95. Violation of the right to effective assistance of counsel under **"STRICKLAND"** has two key components. Citing **"STRICKLAND", 466 U.S. at 687**. First, *"...a petitioner must establish that their "counsel's performance was deficient..."* **Id.** This specifically requires *"...the petitioner to show that their counsel's errors were to such a degree that their performance to did not satisfy the fundamental guarantee to counsel under the Sixth Amendment..."* **Id.**; see also U.S. Const. Amend. VI. Second, *"...the petitioner must show that their counsel's performance "prejudiced the defense..."* **"STRICKLAND", 466 U.S. at 687**. This

PAGE - 50

requires *"...a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different..."* **Id. at 694**. *"...reasonable probability is characterized in* **STRICKLAND** *as a probability ...sufficient to undermine the confidence in the outcome..."* **Id**.

**Trial counsel's ineffective assistance, characterized by eight distinct instances in totality, constitutes a STRICKLAND violation by which this Court should grant Habeas relief.**

96. As iterated in Plaintiff's *28 U.S.C. § 2254 Petition*, the Plaintiff's Trial Counsel erred on eight distinct instances. Specifically, the Petition notes the following errors:

- *Failure to properly investigate, refute, and seek exclusion of the alleged crimes raised as issues during the alleged Evidentiary Hearing (Plaintiff has yet to locate in Court Records that this Evidentiary Hearing ever took place – violating the Plaintiff's Constitutional Right of Due Process of Law);*

- *Failure to properly investigate and introduce alternative defense evidence to rebut the untrustworthy testimonies of Jennifer Elaine Doornbos, J. Shane Howard, Floyd Marceaux, Jeff Hayes, Galen Blom,*

PAGE - 51

*and Congressman Nick Lampson before the start of Trial (refer to Exhibits herewithin);*

- *Failure to question, seek out, speak to, or depose twenty-two potential State Witnesses - (refer to Exhibits herewithin) - to corroborate the defense's claims that the testimony of J. Shane Howard, Floyd Marceaux, Jeff Hayes, Galen Blom, and Congressman Nick Lampson who testified at Trial, were untrustworthy;*

- *Failure to properly investigate perjury relating to State Witnesses J. Shane Howard, Floyd Marceaux, Jeff Hayes, Galen Blom, and Congressman Nick Lampson at Trial, denial of perks, namely in exchange for false testimony to avoid prosecution of their crimes against the Plaintiff and the Plaintiff's Company "MRGI" and for testifying against the Plaintiff and the Plaintiff's Company "MRGI";*

- *Failure to address conflict of interest regarding Legal Counsel's own biases against the Plaintiff;*

- *Failure to adequately prepare for Trial;*

- *Failure to object to State presentment of false arguments, false evidence, and false testimony; and factually incorrect assertion in its closing statement that Plaintiff was simply an employee of Plaintiff's*

*Company "MRGI"; and that Plaintiff's Company "MRGI" and MRGI's Clients were as one Company; and*

- *Failure to object to the introduction of the inflammatory and prejudicial presentment of Plaintiff's Company "MRGI" Corporate Bank Account into the record, falsely assumed it was used to commit the alleged crimes, when in fact, the State and Plaintiff's Legal Counsel was aware that said State Witnesses J. Shane Howard, Floyd Marceaux, Jeff Hayes, Galen Blom, and Congressman Nick Lampson misapplied stolen property of property belonging to the Plaintiff and the Plaintiff's Company "**MRGI**", by depositing stolen property, and conducting banking affairs in a secret bank account under the guise of Plaintiff's Company "**MRGI**" (refer to Exhibits herewithin). Refer to **Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody**, "Jones v. State of Texas, et al., 1:21-cv-00514", pursuant to 28 U.S.C. § 2254.*

97. In "**WILLIAMS**," the United States Supreme Court addressed **Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody**, that involved the "**STRICKLAND**" doctrine. **"WILLIAMS", 529 U.S. at 390–399.** There, the petitioner, **WILLIAMS**, argued that *"...his*

PAGE - 53

*trial counsel failed to discover or offer mitigating evidence to the jury..."* **Id.** In his opinion for the Court, Justice Stevens characterized these failures as a clear demonstration that *WILLIAMS' "...legal counsel did not fulfill their ethical obligation to conduct a thorough investigation . . . ."* **Id. at 364**.

98.  Here, like in *"WILLIAMS,"* the Plaintiff's Legal Trial Counsel failed to fulfill their ethical obligation to conduct a thorough investigation that would have constituted effective counsel under *"STRICKLAND."* In their totality, the Plaintiff's Legal Trial Counsel provided ineffective assistance because their failure to address the eight issues outlined above constitutes deficient performance to a degree that violates the Plaintiff's guarantees of legal counsel under the SIXTH AMENDMENT. See **"STRICKLAND", 466 U.S. at 687**.

99.  Furthermore, there is more than a reasonable probability that, in their totality, the eight failures outlined above prejudiced Plaintiff's defense. See **Id**. It is not a far stretch to conclude that the eight failures constituted unprofessional errors and that but for these errors, there would have been a different outcome because the *"Defendant"* and the *"Complaining Owner,"* as the *Indictments allege*, are the same one person as the Plaintiff, and that the alleged fiduciary property belongs exclusively to the Plaintiff;

PAGE - 54

and the State did NOT prove that the property in question belongs to another owner other than the Plaintiff; and that any of the State Witnesses at Trial had any legal standing whatsoever in the Plaintiff's Company "**MRGI**."

100. Because the Plaintiff's Legal Trial Counsel was both deficient in performance and prejudiced the Plaintiff's defense, it rose to the level of ineffective counsel under "*STRICKLAND*." As such, Plaintiff respectfully requests that this Court grant *Petition for Habeas* relief under *28 U.S.C § 2254*.

**Appellate counsel's failure to raise five additional issues relating to Plaintiff's initial trial constitutes a "STRICKLAND" violation by which this Court should grant habeas relief.**

101. In addition to the errors made by the Plaintiff's retained Legal Defense Counsels, the Plaintiff's Appellate Counsel failed to raise five additional issues of relevance on appeal. While courts must generally presume that the Appellate Counsel's performance is sufficient, this presumption may be rebutted if it is outside the range of reasonable professional assistance. Refer to **"STRICKLAND," 466 U.S. at 689**. Appellate Counsel's presumption of effectiveness will be overcome where the *"...ignored issues*

PAGE - 55

*are clearly stronger than those presented...*" citing **"SMITH v. ROBBINS," 528 U.S. 259, 288 (2000)** (quoting **"GRAY v. GREER," 800 F.2d 644, 646 (7th Cir. 1986)**).  The only issue raised by Plaintiff's Appellate Counsel in the brief before the Ninth District Court of Appeal for the State of Texas was regarding the ***insufficiency of evidence to sustain the conviction*** - without highlighting "***MATERIAL FACTS***" as revealed at Trial and is on the record - to the Appellate Court that the "***Defendant***" and the "***Complaining Owner***," *as the Indictments allege*, is the same one person as the Plaintiff, and that the alleged fiduciary property belongs exclusively to the Plaintiff; and the State did NOT prove that the property in question belongs to another owner other than the Plaintiff; and that any of the State Witnesses at Trial had any legal standing whatsoever in the Plaintiff's Company "**MRGI.**" See Initial Brief for Appellant, **"JONES v. STATE OF TEXAS, 09-18-00071-CR"**.

102. Plaintiff's Appellate Counsel failed to raise an appeal on issues relating to inculpatory evidence transferred between counts (as discussed herewithin), the insufficient evidence –which was proven false or fabricated – falsely presented at trial, and three instances of incorrect or omitted jury instructions. See ***Id; Pet. Under 28 U.S.C. § 2254 for Writ of Habeas***

PAGE - 56

*Corpus by a Person in State Custody, "Jones v. State of Texas, et al., 1:21-cv-00514", pursuant to 28 U.S.C. § 2254.*

103. While the lone issue appellate counsel raised was NOT certainly a strong one, Plaintiff urges this Court to consider the effect of failing to any, let alone all, of these additional issues for appeal had no strategic basis and therefore rendered Plaintiff's Appellate Counsel ineffective. Citing **"BURGER v. KEMP," 483 U.S. 776, 784 (1987)**, the Court held that *"...finding no ineffective assistance of appellate counsel where the decision not to raise a particular issue had a "sound strategic basis..."* Therefore, Plaintiff's Appellate Counsel's deficient performance rose to the level of prejudice.

104. Specifically, but for Appellate Counsel's deficient performance, there is a reasonable probability that the outcome of Plaintiff's appeal would have been different. See **"STRICKLAND," 466 U.S. at 689**; see also **"HARRINGTON v. RICHTER," 562 U.S. 86, 104 (2011)**. Furthermore, the bases for reversal omitted by appellate counsel were far from mediocre. See **"OVERSTREET v. WARDEN," 811 F.3d 1283, 1287 (11th Cir. 2016)** (*noting that failure to identify mediocre bases for reversal did not rise to the level of a **STRICKLAND** violation*).

105. Because the Plaintiff's retained Trial Legal Counsel was both deficient in performance and prejudiced the Plaintiff's defense, it rose to the level of ineffective counsel under **"STRICKLAND."**  As such, Plaintiff respectfully requests that this Court grant Plaintiff's ***Petition for Habeas Relief under 28 U.S.C § 2254***.

## DEFENDANTS' MISCONDUCT

106. Rather than continue to perform the police investigative work necessary to solve the crime correctly, the Defendants instead conspired among themselves on October 9th, 2011, and with others – thereafter - to shortcut the entire process, basing the whole criminal proceedings from false statements to law enforcement; manufactured facts, fabricated evidence, and tampered evidence.

107. Specifically, the Defendants unjustly singled out the Plaintiff and another defendant, the late Eddie Stockton, as potential suspects and then affirmatively endeavored to stretch and manipulate the facts and the evidence to fit the false hypothesis that the Plaintiff and Stockton conspired together and were guilty of the alleged crimes.  However, during the Trial,

some of the State Witnesses admitted to the crimes (*refer to **EXHIBITS**
**"9" and "10"** *herewithin*) that Plaintiff was falsely accused of.

108.  The Defendants manufactured "facts" and fabricated "evidence" that
      falsely implicated the Plaintiff. This manufacturing of facts and fabrication
      of evidence included, but was not limited to, unlawfully manipulating
      multiple witnesses to implicate the Plaintiff by employing improper
      suggestiveness, falsely outright false statements, and false testimony before
      the Grand Jury, confusing the Petit Jury and the Trial Court with false
      evidence; and without a proper, legal probable cause, all of which violated
      the Plaintiff's constitutional rights, citing **"MOONEY v. HOLOHAN,"**
      **(U.S. 1935)**: *"...official misconduct through "knowing use" of perjured
      testimony to convict a criminal defendant in violation of "due process" of
      law. Acts and omissions by a prosecutor can violate "the fundamental
      conceptions of justice which lie at the base of our civil and political
      institutions..."*

109.  The unlawful witness manipulation described in the preceding paragraph
      included false and incriminating statements from some of the State
      Witnesses, also known as some of the Defendants.  Defendants obtained
      these false, incriminating statements through unlawful and unconstitutional
      tactics, including actual concealment of exculpatory evidence that could

have impeached each State Witness, false statements, false testimony, improper psychological intimidation or pressure, denial of confronting several key State Witnesses – including the ***Chief Prosecutorial Witness***, and unduly oppressive conditions of confinement such that the resulting statements and testimony were neither factual nor the product of the witnesses' free will.

110. In the testimony of Defendant **CHARLES KEITH HAWKES**, the Expert State Witness on behalf of the State – also an employee of the ***Jefferson County District Attorney's Office*** *(as possible Conflict of Interest violations).*  For example, the Prosecutor of the Case pressured HAWKES to change material information and details from his initial description of the unlawful and unconstitutional FOURTH AMENDMENT violation - "***SEARCHED AND SEIZED***" evidence, including unlawful concealment of specific credible exculpatory evidence, to falsely implicate the Plaintiff, citing **"BERGER v. UNITED STATES" (U.S. 1935)**: *"...prosecutor engaged in "official misconduct" through his trial tactics by "misstating the facts in his cross-examination of witnesses; of putting into the mouths of such witnesses things which they had not said; of suggesting by his questions that statements had been made to him personally out of court in respect of which no proof was offered; of pretending to understand that a*

PAGE - 60

*witness had said something which he had not said, and persistently cross-examining the witness upon that basis; of assuming prejudicial facts not in evidence; of bullying and arguing with witnesses; and, in general, of conducting himself in a thoroughly indecorous manner...."*

111. Among other improper, unlawful, and unconstitutional tactics, Defendant **JENNIFER DOORNBOS** - doctored her false statements made to the said State Investigator, **BRIAN JAGNEAUX,** and the Prosecution Team allegedly – *as the discovery of the concealed exculpatory evidence reveals* - pressured her to alter the details of her initial statement, to persuade her to incriminate the Plaintiff.  However, certain State Witnesses, namely **DONNA SCELERANDI** and **BONNIE SPOTTS,** refused to succumb to the Prosecution Team's unrelenting pressure to change their respective stories to implicate the Plaintiff (whom **SCELERANDI** had known the Plaintiff for almost 50 years) until more than thirteen (13) months after their first contact with the Prosecution Team in January 2013.

112. In addition to the foregoing misconduct, specific members of the Prosecution Team also unlawfully concealed, disregarded, and destroyed exculpatory evidence, to wit, police reports, notes, false evidence, and false statements that should have been preserved along with the rest of the ***Jefferson County District Attorney's Office*** discovery files, but were not,

PAGE - 61

that these unconstitutional and unlawful acts were considered malicious prosecution and official misconduct.

113. Some Defendants also deliberately and affirmatively failed to thoroughly investigate and develop material facts and credible information that would have helped to establish the guilt of individuals other than the Plaintiff, who is innocent of crimes that never occurred. Consistent with that endeavor, some Defendants unlawfully suppressed/concealed exculpatory information, which would have implicated others and exonerated the Plaintiff (*refer to **EXHIBITS** herewithin*).

114. The Defendants further violated the Plaintiff's Constitutional Rights by fabricating various sworn police reports containing materially false "*evidence*" (e.g., attributing incriminating statements to witnesses who had portrayed herself (**JENNIFER DOORNBOS**) as being the owner of the Plaintiff's Company "*MRGI*") which were then used to unlawfully arrest, prosecute, detain, and wrongfully convict the Plaintiff.

115. The *Jefferson County District Attorney's Office* also withheld from the Plaintiff -- and, in some instances, from the State Investigators and State Expert Witness -- evidence that was both exculpatory and material. This unconstitutional conduct included but was not limited to, withholding or concealing knowledge of the existence of exculpatory information

PAGE - 62

concerning the implication of others that would have helped exonerate or acquit Plaintiff.

116. Through improper suggestiveness and other unconstitutional tactics, some of the Defendants also manipulated and doctored unlawfully obtained evidence to try to create a false inference of the late **EDDIE STOCKTON** that he was the Plaintiff's purported co-conspirator in the alleged felonious criminal acts. Some Defendants engaged in this misconduct to further implicate the Plaintiff, even though Defendants knew there was no basis to connect the Plaintiff to the alleged crime. Some Defendants then proceeded to withhold from the Plaintiff's Defense Team exculpatory information concerning the same.

117. The Defendants continue to deny the Plaintiff access to the Court Ordered Discovery Files within the ***Jefferson County District Attorney's Office***. They rejected the Plaintiff's attorney during his investigation, even though the Plaintiff had NOT lived in the Southeast Texas area since October 2011. The Plaintiff resided in Austin, Texas (till 2013), and Manhattan Beach, California (till 2018) while working overseas during the entire criminal investigation – *unbeknownst to the Plaintiff* - until July 2013, in which the Plaintiff cooperated with the investigation, well before the date of the Indictments dated November 5th, 2015.

PAGE - 63

118. The Plaintiff filed a lawsuit with the Jefferson County Judicial District Court seeking an Order to the ***Jefferson County District Attorney's Office*** to turn over ALL exculpatory evidence, especially a copy of all filed affidavits to wit a copy of a sworn "***Criminal Complaint Affidavit***" and "***Probable Cause Affidavit***." The Plaintiff has not succeeded and has since been declared a ***vexatious litigant***, violating the Plaintiff's FIRST AMENDMENT right.

119. This Court shall find that it is blatantly evident that the ***Jefferson County District Attorney's Office*** is suppressing evidence - possibly destroyed - from Plaintiff that proves Plaintiff's innocence.

## MALICIOUS PROSECUTIONS

120. In February 2018, the Plaintiff stood trial for Theft, Money Laundering, and Misapplication of Fiduciary Property of Property belonging exclusively to the Plaintiff or the Plaintiff's Company "***MRGI***." The alleged fiduciary property -as the Indictments allege - is owned solely by the Plaintiff or the Plaintiff's Company "***MRGI***." This Court will find that the ***Jefferson County District Attorney's Office*** prosecuted the case without a legal, formal, and proper ***Probable Cause Affidavit***" to obtain a

PAGE - 64

formal, valid Indictments as a proximate result of the Plaintiff's alleged misconduct or crimes as described herein.  The Plaintiff was wrongfully convicted and wrongfully incarcerated for crimes that never occurred.

121. However, after the Trial, the Court learned that the State had improperly failed to disclose to the Plaintiff's defense -as **material fact -** that exculpatory evidence exonerating the Plaintiff was unlawfully and unconstitutionally concealed, that had been provided by the Chief Prosecutorial Witness, Defendant **JENNIFER DOORNBOS**, who portrayed herself as being the legal owner of the Plaintiff's Company: "***MRGI***," by filing a False Statement to Law Enforcement and then subsequently filed a "***Criminal Complaint Affidavit***" - sworn to an oath as "**AFFIANT**."

122. Therefore, her fraudulent "***Criminal Complaint Affidavit***" was presented before the Grand Jury Panel, committing Perjury.  The Trial Court granted the Plaintiff's "***Application for a Writ of Habeas Corpus Article 11:07***", with a ***COURT ORDER DESIGNATE*** - on or about January 5th, 2021 - ordering an evidentiary hearing, only to be dismissed later because the Plaintiff was no longer incarcerated, violating the Plaintiff's FIRST, FOURTH, and FIFTH AMENDMENTS Constitutional Rights.

PAGE - 65

123. On or about June 10th, 2018, the Plaintiff was denied His "***Petition for Shock Probation***," who by then had been wrongfully implicated by most of the above-named Defendants, when the alleged victims – State Witnesses - were seeking restitution to help bolster their False Claims case against the "Plaintiff."  When the Court reviewed the Petition, it ruled there was no victim(s) other than the Plaintiff, the lone victim –the lawful owner of the Plaintiff's Company "***MRGI***" and also, the sworn "***Criminal Complaint Affidavit***" was deemed fraudulent - in this criminal proceeding.

124. As a proximate result of the official misconduct on the part of the above-named Defendants, the Plaintiff was found guilty at the Trial - "unfairly" and "unconstitutionally"- of ***Misapplication of Fiduciary Property*** of Property belonging exclusively to the Plaintiff and the Plaintiff's Company "***MRGI***" – *in which the Indictment alleges.*

125. The Indictments alleged the Plaintiff - as the ***Defendant*** - had misapplied fiduciary property of property belonging exclusively to the Plaintiff's Company "***MRGI***" - as the ***Complainant Owner*** and that the Plaintiff - as the ***Defendant*** - acted criminally without the effective consent of same Plaintiff - as the ***Complainant Owner***.  The State failed to provide credible evidence that the alleged fiduciary property belongs to someone other than the Plaintiff.

PAGE - 66

126. But Plaintiff would have been neither prosecuted nor convicted for Defendants' above-described official misconducts because the evidence offered at trial was materially false, perjured, doctored, and fabricated. The Jury based the verdict on false evidence. Therefore, the guilty verdict must be overturned or set aside.

127. The Prosecutor of the Case Defendant **"KENNETH B. FLORENCE"** knowingly made an improper argument that was intentional to inflame and confuse the Trial Court and the Petit Jury and was designed not to be possible to cure by an instruction to disregard the prejudicial effect and could not reasonably be overcome by instruction of disregard, and not humanly possible, in relations to human's mindset, violating the Plaintiff's FIFTH AMENDMENTS Constitutional Rights.

128. In imposing the sentence, the Trial Court observed that the Plaintiff had not *"shown remorse"* for the alleged crime (of which he was innocent and that the State proved no crimes). The Trial Court sentenced the Plaintiff to ten (10) years imprisonment. The wrongful conviction and wrongful incarceration were falsely obtained with an invalid, fraudulent Indictment and without a formal, legal *"Criminal Complaint Affidavit"* or *"Probable Cause Affidavit,"* – pursuant to the *Texas Code of Criminal Procedure, Article 15*, which violates the Plaintiff's Constitutional Right.

PAGE - 67

## CAUSE OF ACTION and MATERIAL FACTS

## FIRST CAUSE OF ACTION: VIOLATION OF EIGHTH and FOURTEENTH AMENDMENTS
*(Against the Defendants in their Official Capacities)*

129. The United States Constitution's EIGHTH AMENDMENT, as incorporated against the States through the FOURTEENTH AMENDMENT, shall protect defendants from wrongful conviction, wrongful sentence, and cruel and unusual punishment by State actors and requires the State actors to provide credible evidence, free from false arguments, falsity or fabrication, at trial.

130. The State intentionally inflamed the Petit Jury into believing that the Plaintiff committed crimes by false arguments, presentment of fabricated evidence, and perjured testimony, violating the Plaintiff's Due Process of Law Constitutional Right when they subjected the Plaintiff to wrongful sentence and cruel treatment and conditions of confinement that amount to punishment for crimes that never occurred and did not ensure the Plaintiff's safety and health, which violates the Plaintiff's Constitutional Right.

## SECOND CAUSE OF ACTION: ACTUAL INNOCENCE RELIEF CLAIMS WHILE SEEKING RELIEF FROM FINAL

# FELONY CONVICTION
*(Against Defendants and the State of Texas)*

131. The Plaintiff incorporates the previous paragraphs as if alleged herein.

132. The Defendants continue to violate the Plaintiff's Constitutional Rights from His filed **Application for a Writ of Habeas Corpus- Seeking Relief from Final Conviction** - *Writ No. 15-23712-A* through *Writ No.15-23712-I* - under **Article 11.07** of the *Texas Rule of Criminal Procedure* and has NOT been heard by either the Trial Court or Appellate Courts, and *Petition For Writ of Habeas Corpus*, under *28 U.S.C. § 2254 Writ of Habeas Corpus for a Person in State Custody – Case No. 1:21-CV-00514*, and has NOT been heard by the United States District Court, in which violates the Plaintiff's Constitutional Right.

133. Pursuant to *Article 11.07* of the *Texas Rule of Criminal Procedure* and *Petition For Writ of Habeas Corpus*, under *28 U.S.C. § 2254 Writ of Habeas Corpus for a Person in State Custody*, the Plaintiff is representing Himself, unless this Court appoints an attorney for timely filing of the preceding **Application for a Writ of Habeas Corpus**, and respectfully files this Petition explaining why this Court should grant the Petition for a Writ of Habeas Corpus for *Actual Innocence Relief Claims* in Case No. 1:21-CV-0514, and to hold the above-named Defendants liable for violating

Plaintiff's Constitutional Rights.

134. The Plaintiff also seeks a *Writ of Habeas Corpus: Actual Innocence Claims* in Case No. 1:21-CV-0514 for the following reasons. First, the Plaintiff argues that He was denied the Constitutional Rights of the Equal Rights Protection Clause, Due Process of Law Clauses, and Confrontation Clause during His Kangaroo Trial, wrongful conviction, wrongful incarceration, and now while on conditional parole (*refer to the EXHIBITS herewithin*).

135. The Plaintiff shall present additional new exculpatory evidence *(refer to EXHIBITS herewithin and others upon request of this Court)* pursuant to *Article 11.07* of the *Texas Code of Criminal Procedure* and *Petition For Writ of Habeas Corpus*, under *28 U.S.C. § 2254 Writ of Habeas Corpus for a Person in State Custody*, alleging facts – as **materially accurate**, proving Plaintiff's actual innocence and the State's violations of "*BRADY RULE*" - citing "*BRADY v. MARYLAND*" 1963.

136. This is pursuant to *28 U.S.C. § 2255* and the *Federal Petition for a Writ of Habeas Corpus* under the United States Constitution, given the *Material Fact* that the Plaintiff is both the "*Defendant*" and the "*Complainant Owner*" - *as the Indictment alleges*, and with the ability to attack the sentence and conviction on the grounds below collaterally from Constitutional Errors and Constitutional Rights violations:

PAGE - 70

## BEGINNING ARGUMENTS

a.  The Plaintiff will begin his arguments.

b.  The arguments herein will assert why this Court should Issue an Order to the Trial Court to vacate the sentence and judgment of conviction entirely or set aside upon this Court's findings that the Plaintiff was wrongfully convicted of crimes that never occurred, violating the Plaintiff's Constitutional Rights.

c.  When the Court of Criminal Appeals eventually grants the Plaintiff's Writ of Habeas Corpus or 2255 Motion for vacating or setting aside the Plaintiff's wrongful conviction – of crimes that never occurred, the Plaintiff respectfully requests that this Court also reverse the Judgment of Conviction if that is the case and pursue actions against the above-named Defendants for Malicious Prosecution and Official Misconduct, knowing that the Plaintiff did NOT commit any crimes, but instead committed by some of the State Witnesses and Defendant **"JENNIFER ELAINE DOORNBOS."**

d.  The Plaintiff shall present additional exculpatory evidence to cite arguments and case law on why relief should be granted or considered. Each ground requires expanding the record and

PAGE - 71

petitioning the Trial Court for a Writ of Habeas Corpus for facts not fully developed on the record from this Plaintiff's Petition or to strike from the record of false evidence or unconstitutional "searched and seized" evidence.

e. The following is submitted in anticipation of a question of laches being raised: the Texas Court of Criminal Appeals' opinion in **"Ex Parte PEREZ," 398 S.W.3d 206 (Tex. Crim. App. 2013):**

*"...discussed the concept of laches as applied to "writ application"..."* and that laches claim does not apply to this Plaintiff's Petition for the following reasons; that:

(i)  ... laches is a procedural bar to consider the merits of the claims in the writ application. In this case, the Plaintiff has demonstrated from numerous filed "motions," "petitions," and "writs" proving His actual innocence in a way that allows consideration of the Writ's Grounds, regardless of the Application for a Writ of Habeas Corpus of any procedural bar. In addition to the showing of actual innocence made under the thirty-five (35) Grounds of the Writ Application, the Plaintiff has proven His innocence and has demonstrated actual innocence under the lower standard of **"SCHLUP v. DELO," 513 U.S. 298 (1995)**. That, a **"SCHLUP"**

PAGE - 72

claim, as contrasted with the **"HERRERA–ELIZONDO" – "Ex Parte ELIZONDO," 947 S.W.2d 202 (Tex. Crim. App. 1996)** *"... of actual innocence raised in the writ application, does not by itself provide a basis for relief, but allows a court to consider otherwise-barred claims of constitutional error that may render a person's conviction constitutionally invalid..."* See **"Ex Parte ALLEN," 366 S.W.3d 696 (Tex. Crim. App. 2009)**: *"...the proof necessary to satisfy "SCHLUP" is lower than that for an "ELIZONDO" claim..."* Citing **"ALLEN,"** under **"SCHLUP,"** *"...the petitioner must show that "he is 'probably' actually innocent, meaning that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence...",* while **"ELIZONDO"** requires: *"...that this showing be made by "clear and convincing" evidence..."* **Id. at 705.** *"...regardless of the court's resolution of the applicant's actual innocence claim, there is no question that in light of the new evidence, particularly the unlawful concealment of exculpatory evidence implicating a certain Chief Prosecutorial Witness as the "Affiant," is "more likely than not" that no reasonable juror would have convicted the applicant, especially in the light of*

PAGE - 73

*false evidence was presented in Trial by the State. Because laches is akin to a procedural bar argument, a showing of actual innocence under this* **"SCHLUP"** *Standard defeats the laches claim...".*

(ii)   … the Plaintiff's writ application is based on newly discovered and available exculpatory evidence recently found in July 2023. This includes the new exculpatory evidence, unavailable until after the Plaintiff's release from wrongful incarceration in mid-March 2021.

(iii)   … the Plaintiff's writ application is based on newly available legal grounds. **"Ex Parte CHABOT," 300 S.W.3d 768 (Tex. Crim. App. 2009)** established, for the first time, that *"...false evidence and false testimony presented by certain State Witnesses with or without the knowledge of the Prosecutor is a violation of Due Process of Law..."*; In **"Ex Parte CHAVEZ," 371 S.W.3d 200 (Tex. Crim. App. 2012),** the Court recognized that *"...for relief identified in "CHABOT" was a new legal basis for a writ, such that the general prohibition on subsequent writs did not apply..."* The Plaintiff **Actual Innocence Relief Claims** established a new relief based on newly discovered exculpatory

PAGE - 74

evidence, which the Plaintiff asserts in this Petition. This was *"...a ground for relief that was not available prior to the effective date of the indictment..."* citing **"Ex Parte ROBBINS," No. WR-73,484-02, (Tex. Crim. App. Nov. 26, 2014)**.

(iv)   ...laches is a legal doctrine that can be applied in various areas of law, including motions, petitions, or writs. It is a defense that a defendant can raise to argue that the judicial district court's claim should be barred or denied due to the State's ignorance of the case or unreasonable delay in asserting their case, which has unconstitutionally prejudiced the Plaintiff.

(v)   ...in the context of this Petition, the State may invoke laches to argue that Plaintiff delayed in seeking the writ and has caused harm or prejudice to Plaintiff. The doctrine of laches emphasizes the importance of timeliness in legal proceedings. It aims to prevent unfairness or injustice resulting from the State's unreasonable prosecution in pursuing their case.

(vi)   ...the Plaintiff is more than likely to prevail on the merits. Citing **"PEREZ,"** the court recognized that *"...if a habeas applicant is reasonably likely to prevail on the merits, laches may not apply..."*;

PAGE - 75

(vii) …moreover, the State will NOT be materially "prejudiced" due to any arguable delay. There is new evidence of actual innocence claims and new legal grounds for granting relief. The fact that the State will be precluded from relying on false evidence and testimony – as demonstrated in the attached **EXHIBITS** - from the remanded new trial in the future is not the type of prejudice anticipated by the Laches case law.

137. Indeed, and perhaps most fundamentally – the State itself sought and continued to present additional false evidence, to wit *State Witnesses' Testimony during the Trial*, altered **Audio Tape Recording** *during the Trial, or presentment of copies of* **bogus checks,** *should have been declared irrelevant and did not prove ANY criminal intent by the Plaintiff*, thereby conceding any relevancy and timeliness of the Plaintiff's claim of actual innocence and related challenges to his convictions, violating the Plaintiff's Constitutional Rights.

138. Having sought every available lawful remedy (at considerable expense to Jefferson County Taxpayers) which yet again failed to inculpate the Plaintiff – and, indeed, only excluded him as the source of false evidence presented on every State Exhibits presented at Trial, the State cannot now seek to bar the Plaintiff from having any courts – including this Court -

PAGE - 76

adjudicate on the merits of His newly discovered "exculpatory evidence" *as the based claims for relief*.

139. The lawful "***criminal complaint affidavit***" is a self-contained charge or affidavit that sets forth sufficient facts that, with reasonable inferences, allow a person to reasonably conclude that a crime(s) was probably committed and that the suspect, defendant, is likely culpable. A "***criminal complaint affidavit***" is also known as a felony complaint and is slightly different from a civil complaint. Instead of an individual filing the complaint, the State usually presents the sworn "***criminal complaint affidavit***" by an "***affiant***" to the grand jury against the individual.

140. However, for serious felony accusation, as in this case, under ***Article 15.04*** of the ***Texas Rule of Criminal Procedure***, the State of Texas requires credible witness(es) to file a "***criminal complaints affidavit***." A judicial order, a court-issued document, charges the suspect or defendant with specific crimes. As the name implies, the sworn oath by an "**affiant**" "***criminal complaint affidavit***" formally accuses an individual of a crime.

141. Usually, in criminal cases, the police first arrest the suspect or defendant and then file a report to the local prosecutor. Then, the prosecutor decides whether to process charges against the suspect or defendant formally. The prosecutor's decision to charge the suspect or defendant with the crime

PAGE - 77

depends on whether there is enough credible evidence – free from falsity -

and whether the case is worth the prosecutor's time. In the State of Texas,

the "*criminal complaint affidavit*" must be filed and sworn before a

magistrate judge before the court issues an arrest warrant.

142. The processes for a "*criminal complaint affidavit*" vary throughout

jurisdictions, and the prosecutor typically determines whether to present

the *criminal complaint affidavit* to the grand jury. Criminal complaints are

usually started by an application for a complaint, along with an affidavit by

the lawful complainant, which is titled an affidavit to commence a

*probable cause affidavit*.

143. The Jefferson County, Texas, magistrate judge must have examined the

statements in the application and affidavit. Typically, the judge will hold a

hearing with notice to the suspect or defendant to examine all the

statements. If the magistrate judge is satisfied that there is sufficient

probable cause that the individual in the complaint committed the specified

crimes, the judge signs and issues the complaint. Subsequently, the

complaint results in an arrest warrant. In other instances, the judge issues a

compatible warrant. Statutes limit applying to a complaint to the police

officers, prosecutors, victims, or witnesses

144. As in this case, unlawful acts of prosecutorial misconduct occurred at a criminal trial and all stages of the criminal court process. Some of these stages include pretrial proceedings and sentencing hearings.

145. There were four instances of unlawful acts of prosecutorial misconduct during the criminal proceedings: (1) ... *failure to disclose exculpatory evidence;* (2) ... *introducing false evidence;* (3) ...*using improper, manufactured arguments;* and (4) ...*discriminating during the jury selection.*

146. Upon findings of unlawful claims of official misconduct, respectfully, this Court can do any of the following if the judge finds that the State's unlawful official misconduct unfairly prejudiced the Plaintiff: (1) ...*dismiss the charge(s),* (2) ... *admonish the jury to disregard specific evidence or comments,* and (3) ... *grant a motion for a new trial.*

147. Undoubtedly, Plaintiff "William Curtis Jones" was wrongly accused and convicted of never-occurring crimes. The Plaintiff spent over three years wrongfully incarcerated for crimes the Plaintiff DID NOT commit; and, since being released on parole in mid-March 2021, the Plaintiff has had to endure the stigma and humiliation of recently being released from prison, which has limited his freedom and ability to obtain gainful employment as project management with over thirty (30) years; and unable to restore His

PAGE - 79

previous employment until the wrongful conviction have been fully
exonerated and expunged.

148. The Plaintiff is now 65 years old at this filing. The Plaintiff respectfully
requests this Court to reverse the wrongful conviction or vacate based on
newly discovered exculpatory evidence of His actual innocence that had
been withheld unlawfully by the State at his original trial and that the
outcome of this case would likely have been different if the withheld
exculpatory evidence had been disclosed to the Trial Court and Jury at the
time, and violations of the Plaintiff's Constitutional Rights (*refer to the
attached **EXHIBITS***).

149. The presentment of fraudulent, false evidence to the Grand Jury and the
Trial Court, coupled with the unlawful acts of prosecutorial misconduct,
are two significant causes of the Plaintiff's wrongful conviction, which is
considered a nature of Constitutional Rights violation claims.  This Court
will find that political bias played a noticeably big part in the Plaintiff's
Trial before a "blue-collar" jury - as almost 100% probability of the
Jefferson County (Texas) Jury Selection Pool. An all "blue-collar" juries in
Jefferson County (Texas) have historically convicted defendants at a higher
rate that did not or could not have understood this complex, white-collar
crime of "***misapplication of fiduciary property***" of property belonging to

PAGE - 80

the Plaintiff and the Plaintiff's Company "**MRGI**" – *as the Indictments allege*. These juries typically follow the lead of the Prosecutor of the Case and are unable to decide the verdict independently or reasonably.

150. During the trial, the prosecutor relied heavily on political stereotypes to portray the Plaintiff - as "***Legally Deaf***" - in a constant, damaging light, knowing that the Plaintiff was defensible because of His disability.

151. Additionally, the ***Jefferson County District Attorney's Office*** refused to consider the Plaintiff's filed "***District Attorney's Conviction Integrity Review Unit***" for their internal investigative reviews of the Plaintiff's case, would have found exculpatory evidence in its discovery files, and would have dismissed the complaint filed by a lunatic "***Affiant***" who portrayed herself as the lawful "owner" of the Plaintiff's Company "**MRGI**," as well as to direct this Petition toward fairness and justice.

152. This Petition, therefore, raises significant factual questions of claims of constitutional violations that can only be resolved with an evidentiary hearing to address the numerous disputed issues, namely: (i) ...*missing criminal complaint affidavits;* (ii) ...*invalid, defective indictments;* (iii) ...*Trial Court did NOT have the proper jurisdiction to try the CAUSES;* (iv) ....*denial of effective legal representation;* (v) ...*prosecutorial misconducts;* (vi) ...*concealment of exculpatory evidence;* (vii) ...*due*

PAGE - 81

*process of law violations; (viii) ...constitutional errors; and (vix) ...other controverted issues not resolved.*

153. Under the **Texas Code of Criminal Procedure** provisions, **Article 11.07,** this Court shall find that previously unresolved facts and issues exist and order an evidentiary hearing to resolve these facts and issues.

154. In the event this Court orders an evidentiary hearing, the Prosecutor of the Case, **"KENNETH BRUCE FLORENCE,"** as well as the retained Plaintiff's Legal Counsels, namely "Thomas John Burbank"; "Michael Lynn Davis, and "Clinton 'Clint' Lewis," shall be required to appear before this Court, and answer questions about the issues raised in this Petition. It is only through live testimony from the inept, corrupt Prosecutor Defendant **"FLORENCE"** this Court can observe **"FLORENCE"** Testimony and judge his statements based on his demeanor and credibility can these factual issues be resolved; citing: **"Ex Parte BYARS," 176 S.W. 3d 841 (Tex. Crim. App. 2005)**: whereas the Trial Judge "Keller," in a concurring opinion, joined by Judges Hervey and Cochran, stated: "...*the Confrontational Clause reflects a judgment about how the reliability of testimony can best be determined. The Clause commands that reliability be assessed by testing in the crucible of cross-examination...adversarial testing is the constitutionally prescribed method of assessing reliability,*

PAGE - 82

*and 'it beats and bolts out the TRUTH much better' than the procedure used here..."*

155. This Court should follow the guidance of Trial Judge "Keller" and set this case for an evidentiary hearing at which the said Defendant **"FLORENCE"** as the Prosecutor of the Case, and others who may have engaged in unlawful acts of ***official misconduct*** and ***fraud on the court*** as alleged here can be subjected to the crucible of cross-examination by this Court.

156. Then, after this evidentiary hearing, the Plaintiff respectfully submits that this Court will conclude that the Plaintiff is actually innocent and that His Due Process of Law Rights was deliberately and repeatedly violated by the said Prosecutor of the Case **"FLORENCE"** and other members of the prosecution team under the orchestrated direction of Defendant **"FLORENCE"**; and that this wrongful conviction must be vacated, and the Indictments are dismissed with PREJUDICE, violating the Plaintiff's Constitutional Rights.

157. As this Petition outlines, the above-named Defendants are 100% liable for gross acts of Constitutional Rights violations, Official Misconduct, Fraud on the Courts, and Malicious Prosecution of crimes that never occurred.

PAGE - 83

**INVESTIGATIVE MISCONDUCTS: THE *"DEFENDANT"* and the *"COMPLAINANT OWNER,"* AS ALLEGED IN THE INDICTMENTS, ARE THE SAME ONE INDIVIDUAL – WHICH IS NONE OTHER THAN "PLAINTIFF" – VIOLATES PLAINTIFF'S FIFTH AMENDMENT**

158. Had the Trial Court reviewed any of the Writs: Writ No. 15-23712-A through Writ No.15-23712-I and attached Memorandum of Law and Facts with supporting exculpatory evidence, it would have made findings that the *"Defendant"* and the *"Complainant Owner"* are indeed the same one person as William Curtis Jones, the Plaintiff– *as the Indictment alleges.*

159. Citing several Texas Criminal Cases in which the conviction was overturned because the *"defendant"* and the *"complainant"* in the indictment were the same individuals, citing **"Ex Parte VERSER" (1971)**: the Court ruled that: *"...the defendant was charged with assault with intent to murder. However, the conviction was overturned because the defendant and the complainant were determined to be the same person...".* Citing **"Ex Parte MORAVEC" (1994)**, the Court ruled that *"...the defendant was charged with theft of property. Upon review, the Texas Court of Criminal Appeals overturned the conviction upon discovering that the defendant and the complainant were the same individual...".* Citing **"Ex Parte ESPINOSA" (2002)**, the Court ruled that *"...the defendant was convicted*

PAGE - 84

*of possession of methamphetamine. The case was ultimately overturned on appeal because the defendant and complainant were determined to be the same person..."*

160. The attached **EXHIBITS** are "exculpatory evidence" proves the "***Defendant***" and the "***Complainant Owner***" in the Indictments are the same individuals - the Plaintiff "William Curtis Jones" *(refer to Trial Court Transcripts – of Legal Counsel's Objections during the Trial – requesting for information)*.

161. Citing **Article 21.22** of the **Texas Rule of Criminal Procedure**: "***Information Based Upon Complaint***": "No information shall be presented until "***criminal complaint affidavit***" has been made by some credible person charging the defendant with an offense. The "***criminal complaint affidavit***" shall be filed with the information. It must *"...be sworn to before a magistrate judge, the district attorney, or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths..."*

162. Therefore, during the Trial, the State did not present or reveal the alleged "***Complainant Owner***" name other than the Plaintiff, the lawful owner of His Company "**MRGI**" – exclusively – *as the Indictment alleges*.

PAGE - 85

163. In Texas criminal cases, it is generally the State's responsibility or prosecution's responsibility to identify the victim and complainant – other than the name of a Corporation. It shall not be the same person as the "***Defendant***" – other than the Plaintiff. The victim or complainant is usually the person who suffered harm or was directly affected by the alleged criminal activity committed by the "***Defendant***" (the "Plaintiff") and has first-hand knowledge of the criminal acts allegedly committed by the "***Defendant***" – the Plaintiff.

164. However, it reiterates that a crime never occurred without specific details of the alleged crimes committed, individual names as a victim or complainant, or proof that the property belongs to someone other than the "***Defendant***" – the Plaintiff.

165. In Texas, as in other jurisdictions, the State must present credible evidence – free from falsity, and identify the victim(s) or complainant(s) during the Trial. This is crucial for establishing the elements of the crime and proving the defendant's guilt - ***beyond a reasonable doubt***. The identity of the victim or complainant – must be an individual name and not of a corporation - is typically disclosed through State Witness testimony, documentary evidence, or other means and must be another individual other than the "***Defendant***" – the Plaintiff.

PAGE - 86

166. If the State fails to identify a victim or complainant during the Trial, it does not prove that a crime ever occurred. However, it's important to note that the absence of a named victim or complainant – other than the "*Defendant*" – the Plaintiff - is both the victim and the complainant - alone necessarily results in a dismissal or acquittal. It also becomes a claim of libelous, slandering, or defamation case.

167. The Trial Court, the Petit Jury, and the Texas Appellate Courts should have become suspicious when the State did NOT demand restitution from the Plaintiff at Trial. This failure to request restitution alone is a "*red flag*." The State knew that the "*Defendant*" and the "*Complainant Owner*" were the same persons as the Plaintiff, and no crimes occurred, violating the Plaintiff's Constitutional Rights.

168. However, this Court may consider other evidence, such as State Witness accounts, physical evidence, or circumstantial evidence – *free of false testimony, perjury, and manufactured facts*, to determine the Plaintiff's guilt or innocence.

169. In this case, the State did not identify an authorized individual of the Plaintiff's Company "*MRGI*" with the ability to file criminal charges against the same owner "William Curtis Jones" – the Plaintiff - nor did the

PAGE - 87

State identify the names of victims, other than the Plaintiff, who is both the lawful Complainant and Victim.

170. Furthermore, the State declined to pursue restitution from the Plaintiff during the Trial after learning that the Plaintiff is both the lawful "Complainant Owner" and "Victim." Had the jury and the Trial Judge paid attention during the Trial when the State did NOT demand restitution, it should have raised a red flag, proving that the Trial was false and that no crimes were committed or there were no victims other than the Plaintiff.

## FALSE EVIDENCE AND PERJURED TESTIMONY AT TRIAL PROVES PLAINTIFF'S INNOCENCE – VIOLATES PLAINTIFF'S DUE PROCESS OF LAW CLAUSE

171. Had the Trial Court or the Ninth District Court of Appeals carefully reviewed the Trial Court Record, Trial Court Transcripts, and the false "State Exhibits," – it would have made findings of the Plaintiff's innocence – as being **Material** and that the State failed to identify a credible "Complainant" or "Victim" other than the Plaintiff.

172. The Plaintiff appealed His wrongful conviction by timely filing His notice of appeal claiming false evidence, fabricated evidence, and manufactured facts presented at Trial were insufficient and could NOT sustain the

sentence and that the Jury based its verdict on "manufactured facts," "false evidence," "perjured testimony," and "false testimony." The Plaintiff did NOT have a Constitutional Jury of His peers, violating the Plaintiff's Constitutional Rights to a fair and impartial trial (*refer to EXHIBITS herewithin*).

173. Furthermore, the Plaintiff gave explicit instructions to His Legal Counsel "Thomas John Burbank," to file a "***Motion for a New Trial***" based on prosecutorial misconduct, false evidence, and perjured testimony as being the basis of the Jury's False Verdict: "guilty." Unfortunately, Burbank failed to do this; instead, he withdrew as legal counsel without a trial court hearing.

174. The Trial Court would have concluded that the Plaintiff's Legal Counsel, "Thomas John Burbank," at the original plea of "Not Guilty," was ineffective for failing to investigate. Furthermore, the Trial Court must have discovered that Plaintiff was both the "***Defendant***" and the "***Complainant Owner***" – *as the Indictment alleges*; and should have advised the Plaintiff that He was not lawfully subject to the jurisdiction of the Trial Court and would have found that the State misrepresented facts and evidence at Trial – is **Material**.

PAGE - 89

175. The Trial Court would have made findings that the Plaintiff would not have pleaded "*not guilty*" to the false allegations and false charges had the Plaintiff known that He was not subject to the jurisdiction of the Criminal Court because the Indictments were *fatally flawed*. Therefore, the Plaintiff "...*is entitled to immediate relief based on Fraud on the Court by the State...*" citing **"Ex Parte HUERTA," 692 S.W.2d 681 (Tex. Crim. App. 1985)**.

176. Citing **"GENGNAGEL v. STATE," 748 S.W.2d 227, 229 (Tex. Crim. App. 1988); "Ex parte CANNON," 546 S.W.2d 266, 268 (Tex. Crim. App. 1976)**: "...*the Court of Criminal Appeals called substance defects 'fundamental error' because a charging instrument with a substance defect deprived the trial court of jurisdiction and a conviction based on such a charging instrument was void...*" **Id. at 16-17**.

177. The *Texas Code of Criminal Procedure, Title 1, Chapter 11, Article 11.07* clearly states that "...*every provision relating to the writ of habeas corpus shall most favorably be construed to give effect to the remedy and protect the rights of the person seeking relief under it...*" Accordingly, Plaintiff's complaint of official misconduct and malicious prosecution should not be denied or dismissed - merely because Plaintiff has effectively proven and is

PAGE - 90

factually innocent of the crimes of which He was falsely accused and wrongfully convicted of crimes that never occurred.

178. This Petition is pursuant to the United States Constitution and the Texas State Constitution, giving the Plaintiff the ability to collaterally attack His wrongful conviction and wrongful sentence in another court outside of the Trial Court that the Kangaroo Trial was based on manufactured facts, false evidence, and false testimony – as demonstrated herewithin - consists of Fundamental Errors and Constitutional Errors.

## CONSTITUTIONAL RIGHTS VIOLATIONS: RECAP FROM THIS PETITION FILED IN THIS COURT

179. The Plaintiff is challenging the validity of His wrongful conviction with *material facts* about the alleged offense of *Misapplication of Fiduciary Property* of property belonging exclusively to the Plaintiff.

180. Below is a recap summary of Constitutional Rights violations:

i. **EIGHTH AMENDMENT: Constitutional Right Violation**: *Illegal confinement for an alleged offense that never occurred, resulting in the Plaintiff's wrongful conviction, is the basis of this Writ of Instant Habeas Corpus –* **Parole is considered restraint from Liberty and Freedom** *–* citing **"Ex Parte ELLIOT," 746 S.W.2d 762 (Tex.**

PAGE - 91

**Crim. App. 1988)** *"...confinement means confinement for any offense or any collateral consequences resulting from the conviction that is the basis of the instant habeas corpus...Article 11.07, Sec. 3(c) - Parole is considered restraint that allows habeas writ..."*

ii. **FIFTH AMENDMENT: Constitutional Right Violation**: *Invalid, defective Indictments were based on fraudulent criminal complaint affidavit and without due process of law* – citing "FIFTH AMENDMENT *"No person shall be held to answer for a ... infamous crime, unless on a presentment or indictment of a Grand Jury,...nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."* Citing: **"GREEN," supra, 355 U.S. at 187-188, 78 S. Ct. at 224**: the Court held that: *"...the underlying idea, one that is deeply ingrained in, at least the American System of Jurisprudence, is that the State with all its resources and power should NOT be allowed to make attempts to convict an innocent individual for an alleged offense; thereby subjecting him to embarrassment, expense, loss of liberty and freedom, and ordeal; and compelling him to live in a continuing state of anxiety, and insecurity,*

PAGE - 92

*as well as enhancing the possibility that even though innocent, he may be found "guilty" through the State's malicious prosecution, without a valid, lawful "Criminal Complaint Affidavit" or a valid, lawful "Probable Cause Affidavit"..."*

iii. **FIFTH AMENDMENT - Constitutional Right Violation**: *Invalid, defective Indictments whereas the Trial Court does not have the proper, lawful jurisdiction of the case* – citing "FIFTH AMENDMENT *"No person shall be held to answer for ... infamous crime, unless on a presentment or indictment of a Grand Jury,...nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation"* – citing **"RUSSELL v. UNITED STATES", 369 U.S. 749, 764 (1962)** *"...indictment defective if it fails to allege an individual name (applies to both defendant and complainant – not of a corporate name) or any fact necessary to constitute an offense and, because defect also deprives the court of jurisdiction, it may be raised at any time..."* — without such, is NOT sufficient evidence to sustain a conviction; therefore the Trial Court's jurisdiction is rendered "void" and "defective" and has "no meaning

PAGE - 93

in Law" - as Fundamental Error. Furthermore, the Indictments or the attached charging instrument with defects and fatal variances failed to confer jurisdiction upon the Trial Court, and the Judgement of Conviction by the Trial Court had upon from the invalid, defective Indictments are therefore rendered as "void"; violates Plaintiff's Constitutional Rights of Due Process of Law.

iv. **FOURTEENTH AMENDMENT - Constitutional Right Violation:** *Conviction obtained by presenting False Evidence, Fabricated Evidence, and Manufactured Facts violating the Plaintiff's constitutional rights of due process of law* – citing **"GIGLIO v. UNITED STATES," 405 U.S. 150, 153, 92 S. Ct. 763, 31 L.Ed.2d 104 (1972)**, the Court acknowledged, "*...it has been clear that deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with 'the rudimentary demands of justice...*" Citing **"NAPUE v. ILLINOIS," 360 U.S. 264, 79 S. Ct. 1173, 3 L.Ed.2d 1217 (1959)**, the Court concluded that "*...the same result obtains when the prosecution, although not soliciting false evidence, allows it to go uncorrected when it appears...*" **Id. at 269, 79 S. Ct. 763** "*...when the reliability of a given witness may well be determinative of the guilt or innocence of an accused, nondisclosure*

PAGE - 94

*of evidence affecting credibility falls within the general rule*

*discussed..."* **GIGLIO, 405 U.S. at 154, 92 S. Ct. 763.**

v.  **SIXTH AMENDMENT - Constitutional Right Violation:**

*Conviction obtained unlawfully and unconstitutionally by submittal*

*of false Jury Charge – that was based on False Evidence and False*

*Theory and was not supported by the invalid, defective indictment*

*and presented False Evidence as Application of Law to **Material***

***Facts.*** As the Supreme Court has held, *"...under the Due Process*

*Clause of the Fifth Amendment and the notice and jury trial*

*guarantees of the Sixth Amendment, any fact or statute also bars*

*acquittals because of (1) immaterial misnomer of a third party, (2) an*

*immaterial mistake in the description of property or the ownership*

*thereof, (3) failure to prove unnecessary allegations in the*

*descriptions of the crime..."* Citing **"JONES v. UNITED STATES,"**

**526 U.S. 227, 243 n.6 (1999) (emphasis supplied)**, reaffirmed in

**"APPRENDI v. NEW JERSEY," 530 U.S. 466, 476 (2000)** *"...in*

*cases prosecuted by indictment, material variances, like amendments,*

*infringes the defendant's constitutional right. The federal courts have*

*equated a substantial variance between indictment and proof or jury*

*instruction to a constructive amendment of the indictment..."*

PAGE - 95

vi. **EIGHTH AMENDMENT - Constitutional Right Violation**:

*Conviction obtained for failure to present lawful, sufficient evidence proving the alleged offense of "misapplication – and that the Plaintiff acted contrary to an alleged fiduciary agreement."* Citing **"Ex Parte BYARS," 176 S.W.3d 841 (Tex. Crim. App. 2005)**, the Court held, *"...following conviction and sentencing the false complainant recanted, and the trial court found recantation credible and that by clear and convincing evidence that no reasonable jury would convict in light of newly discovered evidence. Actual innocence claim established, and the judgment vacated..."*

vii. **EIGHTH AMENDMENT - Constitutional Right Violation**:

*Conviction obtained for failure to present lawful, sufficient evidence proving the alleged offense of the Plaintiff being held as "fiduciary" or "fiduciary capacity."* Citing **"MARTINEZ v. STATE," 742 S.W. 2d 687 (Tex. Crim. App. 1987)**: *"...the State failed to present any evidence he agreed with fiduciary capacity for the handling of funds and that he ...acted contrary to that agreement..."* Citing **TEXAS BUSINESS AND COMMERCE CODE § 3.307 (b): NOTICE OF BREACH OF FIDUCIARY DUTY"** provides (in parts) that: *"...fiduciary applies ONLY if the person dealing with the*

*fiduciary capacity has knowledge of the fiduciary status as the*

*"fiduciary" in an "agreement," and must be in writing...this rule*

*does NOT apply to the owner of the property..."*

viii. **EIGHTH AMENDMENT - Constitutional Right Violation:**

*Conviction obtained for failure to present lawful, sufficient evidence*

*proving the alleged offense of "misapplication of fiduciary*

*property."* Citing **"AMAYA v. STATE," 733 S.W.2d 168 (Tex.**

**Crim. App. 1986),** *"...the State must prove the defendant – other*

*than the owner of the property - knew of the agreement for*

*misapplication to occur... but, similar to 'fiduciary' Section 32.45*

*does not define 'agreement'...thus, the Court of Criminal Appeals*

*construes agreement according to its plain meaning..."* Citing

**"BYNUM v. STATE," 711 S.W.2d 321, 323 (Tex. App.—**

**Amarillo 1986), aff'd, 767 S.W.2d 769 (Tex. Crim. App. 1989)**

*"...to prove up an agreement, the State must be able to demonstrate a*

*harmonious understanding or an arrangement between two or more*

*parties, as to a course of action..."* **Id.** *"...an effective defense to a*

*charge of misapplication of fiduciary property is a mistake of fact—*

*otherwise negating the culpability required for the commission of the*

*offense. Section 32.45 is designed to punish intentional, knowing, or*

PAGE - 97

*reckless misapplication of property. Thus, if it can be proved that the improper use or application of the property belonging to an owner was the result of mere negligence, by mistake of fact, the statute will not apply...*" **Id.** "*...per Statutory Law, misapplication of fiduciary property occurs a) ...when trustees misapply trust property;*

*b) ...when the holder of power of attorney makes a gift to herself;*

*c) ...when a business partner (statutory law does not apply to business owner) improperly diverts funds for personal use; or,*

*d) ...when an attorney misapplies a client's funds...*" No Statutory Laws are applied to the Business Owner - ever to be held as fiduciary to self – as the property owner exclusively.

ix. **FIFTH AMENDMENT - Constitutional Right Violation:** *Conviction obtained from fatal variances of invalid, defective Indictments and of Statutory Law:* ***Texas Penal Code § 32.45 "Misapplication of Fiduciary Property"*** *- of property belonging exclusively to the Plaintiff and the Plaintiff Company "****MRGI****":*

Statutory Law: ***Texas Penal Code § 1.07, 19(B)***: defines "**effective consent**" meaning "*... given by a person the actor knows is not legally authorized to act for the owner...*" Evidence at Trial proves that the lawful owner of the property in question belongs exclusively

PAGE - 98

to the Plaintiff – the Defendant.  Therefore, also as the

"Complainant," being accused of misapplication of property

belonging to the same person as the Plaintiff, and acted criminally

without the effective consent of the Plaintiff. Under Statutory Law,

the State did NOT prove that the Plaintiff misapplied His property

without the Plaintiff's effective consent. Also, Statutory Law: T*exas*

***Penal Code § 1.07, 35(A)*** defines "***owner***" meaning *"… as title to*

*the property, possession of the property, whether lawful or not, or a*

*greater right to possession of the property than the actor…"* The

State – according to Statutory Law - did NOT prove at Trial that the

Plaintiff was ever held as fiduciary of His Company "**MRGI**" and

that the Company's ("**MRGI**") fiduciary property in question

belongs to another owner (individual) other than the Plaintiff. In fact,

at Trial, the evidence presented as State Exhibits proves that the

property in question belongs exclusively to the same Plaintiff. The

definition of "**misapply**" is relatively broad under the **Texas Penal**

**Code**. According to ***Section 32.45,*** *"…a person who is a fiduciary*

*misapplies property held as fiduciary capacity if the person deals*

*property contrary to: a) …an agreement under which the fiduciary*

*holds the property; or b) …a law prescribing the custody or*

PAGE - 99

*disposition of the property...*" Citing **"BYNUM v. STATE," 711 S.W.2d 321, 323 (Tex. App.—Amarillo 1986), aff'd, 767 S.W.2d 769 (Tex. Crim. App. 1989)**, the Court held that "*...to prove up an agreement, the State must be able to demonstrate a harmonious understanding or an arrangement, between two or more parties, as to a course of action...*" **Id.** "*...additionally, there is nothing in Section 32.45 that requires the agreement to be in writing or proved directly...*" Id. In this case, the Plaintiff under any scenario could not have misapplied fiduciary property of property belonging exclusively to the same Plaintiff or that the Plaintiff acted in contravention of the only known "***AGREEMENT***" – "***Series 'A' Redeemable Preferred Stock Agreement***" (refer to **Exhibit "4"** here within).

x.    **FOURTH AMENDMENT - Constitutional Right Violation:**

*Conviction obtained by use of false (altered) evidence gained according to FOURTH AMENDMENT – unlawful "Searched and Seized" of legitimate Banking Records, then knowingly tampered with that legitimate, lawful Banking Records.* The Prosecution Team's unreasonable search and seizure was unlawfully executed: (1) without a legal search warrant signed by a judge or magistrate describing the place, person, or things to be searched or seized; (2)

PAGE - 100

without a valid probable cause to believe that particular person, specified place or property - as criminal evidence..." (was based on a fraudulent, criminal compliant affidavit that was falsely sworn to an oath by the "*Affiant*" Jennifer Elaine Doornbos); and (3) extending the authorized scope of search and seizure without a valid belief or proving criminal intent by the defendant. The unreasonable search and seizure are unconstitutional, as they violate the FOURTH AMENDMENT, which aims to *"...protect individuals' reasonable expectation of privacy against State officers..."* The FOURTH AMENDMENT reads: *"...the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrant shall issue, but upon ["VALID"] probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized..."* Citing: **"MAPP v. OHIO," 347 U.S. 643 (1961) 11**, *"...the remedy to unreasonable search and seizure is the exclusionary rule, which prevents the evidence obtained via the unreasonable search or seizure from being introduced in court, as it is referred to as the fruit of the poisonous tree; his remedy only applies to criminal trials and other court proceedings, including*

PAGE - 101

*"federal habeas corpus review of state convictions, grand jury proceedings, preliminary hearings, bail hearings, sentencing hearings, and proceedings to revoke parole, and.... impeachment of evidence against the defendant..."*

xi. **FIFTH AMENDMENT; SIXTH AMENDMENT; and FOURTEENTH AMENDMENT - Constitutional Right Violation:** *Conviction obtained by the unconstitutional failure of the State to disclose to Plaintiff's Legal Defense Team of exculpatory evidence that is favorable to the Plaintiff and the Plaintiff's innocence.* Citing **"BRADY v. MARYLAND," 373 U.S. 83 (1963)** has long established the principle that *"...suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to either the guilt or to punishment, irrespective of the good faith or bad faith of the prosecution...."* Since **BRADY**, the United States Supreme Court has further modified the requirement of a BRADY claim by holding that *"...the duty to disclose exculpatory evidence applies even when there has been no request by the accused..."* The United States Supreme Court later explained that the duty to disclose under **BRADY** encompasses impeachment evidence as well as exculpatory evidence,

PAGE - 102

and that evidence is material *"...if there is a reasonable probability that, had the evidence has been disclosed to the defense, the result of the proceeding would have been different..."* Additionally, **BRADY** applies to evidence known by the prosecution team or police investigators. Prosecutors have a duty to learn of any favorable evidence known to anyone acting on the State's behalf, citing **"STRICKLER v. GREENE"** set a three-component test for evaluating a **BRADY** claim: *(a) ...evidence must be suppressed by the State (b) ...the evidence must be favorable to the accused, and (c) ...prejudice to the defendant must have ensued.*

xii. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation**: *Conviction obtained by the unconstitutional presentment of manufactured facts, false evidence, fraud on the court, concealment of exculpatory evidence, and insufficient evidence.* Citing **"DEVEREAUX v. ABBEY," 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc)** – the United States Supreme Court held *"...the defendant has the burden of proving that the [act[s]] [failure to act] of the State deprived the defendant of particular rights under the United States Constitution. The Fourteenth Amendment protects against criminal charges based*

*on false evidence that the State deliberately fabricated. In this case, the defendant alleges the State deprived [him] of [his] rights under the Fourteenth Amendment to the Constitution when the State knowingly presented manufactured facts, false evidence, and false testimony, as well as committed fraud on the court, concealed exculpatory evidence, and presented insufficient evidence...for the defendant to prevail on [his] claim of deliberate fabrication of evidence, the defendant must prove at least one of the element[s] in the Indictment by a preponderance of the evidence..."* The United States Supreme Court also held that *"...there is an established constitutional due process right not to be subjected to criminal charges based on false evidence that was deliberately fabricated by the State..."* **Id. at 1074-75 (emphasis added).** In this case, the State deliberately fabricated evidence to charge the Plaintiff falsely and criminally. The Plaintiff shall also prove to this Court that the State continued their investigation of the Plaintiff even though they knew that the Plaintiff was innocent and was deliberately indifferent to the Plaintiff's proven innocence. The results of the State's investigation were used to charge the Plaintiff with crimes that never occurred criminally. The State used its army and techniques that were so

coercive and abusive that they knew and were deliberately indifferent, yielding false information to charge the Plaintiff unconstitutionally criminally. *"Deliberate indifference" is the conscious or reckless disregard of the consequences of one's acts or omissions.* The Plaintiff shall also prove to this Court that the State deliberately fabricated evidence to charge the Plaintiff falsely and criminally of alleged crimes that never occurred. After that, the Plaintiff is not required to confirm that the State knew the Plaintiff was innocent or was deliberately indifferent to the Plaintiff's innocence based on newly discovered evidence during July 2023.

xiii. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation:** *Conviction obtained by the unconstitutional presentment of manufactured facts and false evidence to obtain a fatally flawed Indictments with fatal variances to fraudulently support the "misapplication of fiduciary property" – of property belonging exclusively to the Plaintiff "... the value of $200,000 or more..." as the Indictment alleges.* Citing **"IMBLER v. PACHTMAN", 424 U. S. 409, 430. Pp. 267-271** – the United States Supreme Court held *"...misconduct acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or*

PAGE - 105

*trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity, however, in endeavoring to determine whether the ...prosecutor was acting not as advocates but as investigators searching for clues and corroboration that might give them probable cause to recommend an arrest. Such activities were not immune from liability at common law. If performed by police officers and detectives, such actions would be entitled to only qualified immunity; the same immunity applies to prosecutors performing those actions. Convening a grand jury to consider the evidence their work produced does not retroactively transform that work from the administrative into the prosecutorial...* "*

**pp.271-276.** Statutory Law pursuant to ***18 U.S. Code § 1623 - False Declarations before Grand Jury or Court***: states that "... *(a) whoever under oath (or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under **Section 1746 of title 28, United States Code**) in any proceeding before or ancillary to any court or grand jury within the United States knowingly makes any false material declaration or makes or uses any other information, including any book, paper, document, record, recording, or other material, knowing the same to contain any false*

PAGE - 106

*material declaration, shall be fined under this title or imprisoned not more than five years, or both; (b)...this section is applicable whether the conduct occurred within or without the United States Courts; (c)...an indictment or information for violation of this section alleging that, in any proceedings before or ancillary to any court or grand jury within the United States, the defendant [prosecutor] under oath has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, need not specify which declaration is false if — (1) ...each declaration was material to the point in question, and (2) ...each declaration was made within the period of the statute of limitations for the offense charged under this section. In any prosecution under this section, the falsity of a declaration set forth in the indictment or information shall be established sufficient for conviction by proof that the defendant, while under oath, made irreconcilably contradictory declarations material to the point in question in any proceeding before or ancillary to any court or grand jury..."* Citing ***Texas Penal Code § 37.03. AGGRAVATED PERJURY***: *(a) ...a person commits an offense if he commits perjury as defined in Section 37.02, and the false statement: (1) ...is made during or in connection with an official*

PAGE - 107

*proceeding [grand jury]; and (2) ...is material; (b) ..an offense under this section is a felony of the third degree.*

xiv. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS – Constitutional Right Violation**: *Conviction obtained by the unconstitutional presentment of false evidence that no reasonable fact-finder would have found the Plaintiff "guilty" of the offense of "Misapplication of Fiduciary Property" of property belonging exclusively to the Plaintiff and the Plaintiff's Company "MRGI" had the jury known that the evidence was altered or fabricated.* Citing **"RICHARDS v. COUNTY OF SAN BERNARDINO," 39 F.4th 562, 572 (9th Cir. 2022)**, the Court held that *"...the deliberate fabrication of evidence implicates "the fundamental due process right to a fair trial"...this is true "regardless of the defendant's innocence or guilt . . . the right to a fair trial is impinged either way...accordingly, rather than a "but-for causation standard," the appropriate standard of causation is the "materiality causation standard," under which causation is established if the defendant "can show a reasonable likelihood that the allegedly fabricated evidence could have affected the judgment of the jury."* **Id. at 573-74**. *"...a court official's deliberate fabrication*

*of evidence or use of perjury also violates a defendant's rights...State's perjury and knowing use of false evidence is absolutely and irreconcilable with the Fourteenth Amendment's guarantee of Due Process in our courts...there are no circumstances in a proceeding that would permit State officials to bear false witness against a defendant..."* Citing **"HARDWICK v. VREEKEN," 844 F.3d 1112, 1120 (9th Cir. 2017)**: *"...imposing a deliberate indifference or reckless disregard for an accused's rights or the truth standard is appropriate in the substantive due process context..."* Citing also **"GANTT v. CITY OF LOS ANGELES," 717 F.3d 702, 708 (9th Cir. 2013)**. Citing **"TENNISON v. CITY & COUNTY OF SAN FRANCISCO," 570 F.3d 1078, 1089 (9th Cir. 2009)**, *"...deliberate indifference encompasses recklessness...the Court noted that the "deliberate indifference" standard, at least in the context of a Fourteenth Amendment failure to protect claim, requires the State -- to prove more than negligence but less than subjective intent—something akin to reckless disregard....deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions..."*

PAGE - 109

xv. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation:** *Conviction obtained by denial of the Plaintiff's Constitutional Rights – Due Process Clause and Confrontation Clause – to confront the Chief Prosecutorial Witness or the "Affiant" of the alleged, fraudulent "Criminal Complaint Affidavit" who falsely portrayed herself as being the lawful owner of the Plaintiff's Company "MRGI".* Filed affidavits – as **material evidence** – were not taken into consideration at Trial Court from November 1st, 2015 through February 22nd, 2018; names of State Witnesses filed with the Trial Court directly is **Material**, and were NOT called to testify at Trial; and filed ***Criminal Complaint Affidavits*** or ***Probable Cause Affidavits*** as required by **Article 15.04** of the **Texas Code of Criminal Procedure** were not taken into consideration at Trial, is a violation of the Due Process Clause of the United States Constitution and Texas State Constitution, and deprivation of Plaintiff's Due Process Rights under the Constitution. Therefore, any ***Criminal Complaint Affidavit(s)*** filed against the Plaintiff or the Plaintiff's Company "**MRGI**" is considered fraudulent and renders the Indictments as being "***defective***" and "***void***." Furthermore, it is constitutionally and

PAGE - 110

lawfully impermissible for the Trial Court to have tried the "Plaintiff" without proper jurisdiction over this invalid, defective Indictment; and any judgement rendered by the Trial Court without the proper jurisdiction is "*void*", and has "***no meaning***" as a matter of criminal law; citing: **"PETERSON v. STATE", 781 S.W. 2d. 933, 935 (Tex. Crim. App. 1989):** "*...the legislature precluded a prosecutor from presenting information or indictment, or lack of until formal, proper affidavit(s) has been made by some credible person, charging the defendant with an offense; and also mandated... the affidavit(s) shall be filed with the indictment as "attachment... that such an affidavit(s) was sworn to an oath by the Affiant... a complaint within the meaning of the Texas Code of Criminal Procedure, Article 15.04... in other words, a prosecuting attorney or police or anyone employed as a part of the prosecution team are NOT authorized to institute prosecution in the Court's, upon its independence act or of his own volition... one MAY NOT be both the "accuser" and the "prosecutor" in a criminal proceeding / case...*" Citing **"Title 42 U.S.C. Section 1983"** provides as follows: *"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory ..., subjects, or causes to be subjected, any citizen of the*

PAGE - 111

*United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."* Citing **"KELLY v. CURTIS", 21 F.3d 1544:** *"...before an arrest warrant is issued, the Fourth Amendment requires a truthful factual showing in the affidavit used to establish probable cause...because the Constitution prohibits an officer from making perjurious or recklessly false statements in support of a warrant, a complaint that an officer knowingly filed a false affidavit to secure an arrest warrant states a claim under Section 1983 ...and, where an affiant, officer, or a prosecutor knows, or has reason to know, that he has materially misled a magistrate on the basis for a finding of probable cause ... the shield of qualified immunity is lost... qualified immunity will not be granted in those cases where the magistrate or judge issuing the warrant was misled by accusations or information contained in the affidavit that the affiant, officer, or a prosecutor either (1) knew was false or (2) would have known was false had he not recklessly disregarded the truth... like "knowingly and intentionally," the phrase "'reckless disregard for the truth' means*

PAGE - 112

*different things when dealing with omissions and assertions...assertions are made with "reckless disregard for the truth" when, "viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported... omissions, on the other hand, are made with "reckless disregard for the truth" when a law enforcement officer omits facts that "any reasonable person would have known the judge would wish to have brought to his attention...finally, the State must show that the false statements or omissions were "material" to a finding of probable cause...disputed issues are not material if, after crossing out any allegedly false information and supplying any omitted facts, the 'corrected affidavit' must have supported a finding of probable cause...even if the State makes a showing of deliberate falsity or reckless disregard for the truth by law enforcement officers, the defendant is entitled to a hearing if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause..."* Also citing: **"UNITED STATES v. BRYAN", 868 F.2d 1032 (9th Cir.), cert. denied, 493 U.S. 858**

PAGE - 113

**(1989)** - in a mail fraud case, the Court held that *"...vacating the conviction and remanding to the district court for a determination whether the defendant was denied access to documents or affidavits to which he was entitled under Rule 16(a)(1)(C) or BRADY RULE. On remand, the district court is to determine whether the prosecutor had knowledge of and access to documents or affidavits in possession of closely related federal investigatory agencies that were either material to BRYAN's defense or belonged to him within the meaning of Rule 16(a)(1)(C). In addition, the district court should determine whether such documents, if they exist, were BRADY evidence and, if so, whether they were material within the test announced in BAGLEY..."*

xvi.   **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation**: *Conviction obtained by "malicious prosecution," "prosecutorial misconduct," and "investigative misconduct" – violating the Plaintiff's Constitutional Rights of Due Process of Law.* Citing "**MABRY v. JOHNSON,"** 400, *"...[t]he Due Process Clause is not a code of ethics for prosecutors; its concern is with how persons are deprived of their liberty..."* **Id. at 401**. *"..the struggle to find some*

*demarcation between what is and is not permissible prosecutorial conduct sometimes degenerates into judicial second-guessing..."* **Id. at 402**. The Supreme Court stated in **"SMITH v. PHILLIPS', 455 U.S. 209 (1982)** *"...that the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the trial's fairness, not the prosecutor's culpability... Courts seeking to extend the Double Jeopardy Clause are responding to the broader problem of finding an effective means to punish prosecutorial misconduct. There is no direct constitutional remedy to eliminate the effect of prosecutorial misconduct if it did not affect the fairness of a defendant's trial, and courts have not formulated an adequate deterrent similar to the exclusionary rule, which at least purports to rectify investigatory violations. If the sole, or even primary, purpose of granting relief is to send a message to the State, then in some cases the court benefits the defendant although he is guilty of the underlying offense..."* In this case, the baseless criminal prosecution is considered malicious and vindictive, and the law enforcement pursued groundless charges. The malicious prosecutions in this case include situations in which the law enforcement: (a) ...charged the Plaintiff with crimes to cover up investigative misconduct, such as excessive use of force or false*

PAGE - 115

*imprisonment; (b) intended to punish certain State Witnesses by harassing them with criminal proceedings; (c) intended to ruin a State Witness' reputation by bringing unfounded criminal charges against them; and (d) charged the Plaintiff with crimes to divert attention from the actual perpetrator. The "Affiant" who lied to the State Police and caused the State Police to pursue false criminal charges are also held liable for malicious prosecution. The Plaintiff shall show to the Courts of malicious-prosecution claims of (a) malice in instituting or continuing the criminal legal proceeding; (b) lack of probable cause or reasonable grounds to believe the allegations; and (c) termination of the prosecution in favor of the actual perpetrators. Malice is defined as the Prosecutor's State of Mind under which the prosecutor intentionally does a wrongful act to inflict injury toward the Plaintiff, not the actual perpetrators. However, Courts focus on the lack of probable cause, and malice may be inferred from its absence. Under Federal law, a defendant cannot sue for malicious prosecution unless the underlying process or legal action has been revolved in the accused's favor.*

xvii. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation:** *Conviction*

PAGE - 116

*obtained by "malicious prosecution"—provided no clear and convincing "credible" evidence to support the weight of the Jury's Verdict; violates the Plaintiff's Due Process of Law.* Citing **"COLORADO v. NEW MEXICO," 467 U.S. 310 (1984),** *"...clear and convincing evidence - is a medium level burden of proof which must be met for convictions/judgments. This standard is more rigorous than a preponderance of the evidence standard but less rigorous than proving evidence beyond a reasonable doubt. The clear and convincing evidence standard is employed in criminal trials..."* According to the United States Supreme Court: *"...clear and convincing - means that the evidence is highly and substantially more likely to be true than untrue. In other words, the fact finder must be convinced that the contention is highly probable...however, claims which involve fraud on the court will typically require the clear and convincing evidence standard..."*

xviii. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation**: *Conviction obtained by acts of "malicious prosecution"—provided false evidence to support and to hold the wrongful conviction verdict that was contrary to the weight of false evidence; violates the Plaintiff's*

PAGE - 117

*Due Process of Law*. Citing **"UNITED STATES v. AGURS," 427 U.S. 97, 111(1976)**, it is clear, then, that under the **AGURS - BAGLEY** scheme, the United States Supreme Court held that *"...a prosecutor's mental state is not, as the Court has insisted, wholly irrelevant to determining when the nondisclosure of evidence favorable to the defense amounts to constitutional error. Were the constitutional concern limited to 'the misconduct's effect on the trial,' the same materiality standard would apply to all nondisclosures. Suppose some types of prosecutorial suppression are more likely than others to affect a trial. In that case, such nondisclosures are more apt to meet the requisite materiality standard and will more frequently result in a constitutional violation. There is no need to evaluate their effect under a different materiality standard. An argument can be made that the courts should extend due process protection to false testimony even when the prosecutor did not have the requisite knowledge when the witness testified. The corrupting impact of the false testimony is just as great when it is unknown to the prosecutor. If, as the Court has consistently stated, due process protects against unfairness in the proceeding, not merely against prosecutorial wrongdoing, prosecution knowledge should not be*

PAGE - 118

*required to establish a due process violation. Analysis should focus only on whether the false testimony rendered the trial and resulting conviction unfair..."*

xix. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation:** *Conviction obtained by acts of "malicious prosecution"— false evidence and fatal variance proves that the Plaintiff did NOT commit the offense nor did a crime ever occur of "...misapplied fiduciary property of $200,000 or more..." of property belonging exclusively to the Plaintiff and the Plaintiff's Company; violates the Plaintiff's Due Process of Law.* Citing **"NAPUE v. ILLINOIS", 1959,** *"...in the United States, if the prosecution obtains a criminal conviction using evidence that it knows is false, the conviction violates the defendant's constitutional right to due process...courts are divided on the extent of the prosecutor's responsibility to prevent false evidence from infecting trials... in some jurisdictions, if the State knowingly presents false testimony about a significant issue and fails to correct it, courts automatically conclude that the State has violated the defendant's constitutional right to due process..."* citing **"UNITED STATES v. FOSTER", 1988** and **"UNITED STATES v. LaPAGE", 2000** *"...in*

PAGE - 119

*other jurisdictions, however, the State can knowingly present false testimony about a significant issue without any obligation to correct it, as long as the State did not conceal evidence that the defendant could use to impeach the false testimony..."* Citing **"UNITED STATES v. STEIN", 2017; "UNITED STATES v. CROCKET", 2006; "ROSS v. HEYNE", 1980** - *"...in essence, courts assign the responsibility for correcting false government testimony differently: Some courts require the prosecution to correct its own false evidence, while others shift this burden to the defense..."* In STEIN, the prosecution provided *"...the defendant with a cache of documents that included an email showing that the testimony of prosecution witnesses was false. The State then presented its witnesses' false testimony to the jury. After the defendant discovered the critical email, he tried to introduce it into evidence to disprove the prosecution's case against him... nevertheless, defendants must work hard to clean up the effects of the false evidence after it is introduced. It may not be possible to undo this taint completely. In light of the research, the simplest rule might be consistent with due process: Prosecutors should not be allowed to knowingly present perjured testimony about material issues..."*

PAGE - 120

XX. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation:** *Conviction obtained by acts of "malicious prosecution"— false evidence and fatal variance prove did NOT prove that the Plaintiff agreed to be held as "fiduciary" or as the person acting in "fiduciary capacity" of property belonging the Plaintiff or the Plaintiff's Company "MRGI."* Citing **"FRANK v. MANGUM," 237 U.S. 309,** *"...no question respecting the original jurisdiction of the trial court is raised. Consequently, the contention is and must be that the alleged fraud occurring during the trial deprived the trial court of jurisdiction to receive the verdict and pronounce the sentence. It is manifest that the due process of law clause of the Fourteenth Amendment was never intended to deprive courts generally of the power to hear and determine issues of fact and, in so doing, to decide which evidence is true and which is false. That clause must, of necessity, be held to apply only to the process of law employing which jurisdiction over the subject matter of actions and the parties to actions is acquired and retained, using which notice is given and a fair opportunity to be heard. The defendant's contention, reduced to its final analysis, is that although the trial court was vested with*

*jurisdiction to hear and determine the issues of fact raised by the pleadings, it had the power to decide which evidence was true and which was false. Yet, the court lost jurisdiction during the trial, and therefore lost the power to decide which evidence was true and which was false because false evidence was introduced against him during the trial..."*

xxi. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation:** *Conviction obtained by acts of "malicious prosecution"— false evidence and fatal variance prove did NOT prove Plaintiff was responsible for "...loss of property..." of property belonging to the Plaintiff or the Plaintiff's Company "MRGI" – as the Indictment alleges.* Citing **"HYNSON v. STATE," 656 S.W. 2d 460 (Tex. Crim. App. 1983),** the Court of Criminal Appeals overturned a conviction, held that *"...we have been disinclined, however, to apply the same rule when evaluating the sufficiency of the evidence to prove receipt of property, knowing it to have been stolen by another. Under such circumstances, we have not thought it probable enough for criminal conviction that those who receive property from a thief usually know that he stole it. Accordingly, our decisions hold that more proof than*

PAGE - 122

*the mere circumstance of recent, unexplained possession is required to sustain a conviction in such cases.... evidence sufficient to show an accused exercised control over property without the consent of the owner, intending to deprive him of it, is always enough to prove theft. Evidence of various kinds may serve the purpose. Receiving property from another, knowing it to be stolen by him, establishes the offense because it is tantamount under "McCLAIN v. STATE," 687 S.W.2d 350 (Tex. Crim. App. 1985) - to a knowing exercise of control without the consent of the owner. Because the receipt of stolen property is no longer an offense requiring proof of different statutory elements, it follows that proof of unexplained possession is also sufficient for conviction in cases where the accused received the stolen property from someone other than the alleged owner. To the extent that HYNSON held otherwise, it was overruled in "McCLAIN" by necessary implication..."* Citing **"BURRELL v. STATE," 526 S.W.2d 799, 802-803 (Tex.Cr.App.1975)**, the Court held - relying on "McCLAIN," states: *"...to plead theft [or misappropriation]. Therefore, the State has only to allege that the accused appropriated property unlawfully with intent to deprive the owner of it..."* In this case, the "Defendant" and the "Complainant Owner" are the same

PAGE - 123

person as the Plaintiff. Therefore, it is virtually impossible to prove beyond a reasonable doubt that the Plaintiff as the "Defendant" stole, laundered, or misappropriated property of property belonging exclusively to Himself or from His Company "**MRGI**" as the "Complainant Owner," without the effective consent of the same Plaintiff.

xxii.  **SIXTH AMENDMENT - Constitutional Right Violation:**

*Conviction obtained by the denial of effective assistance of legal counsels Mitch Templeton, J. Dean Brinkley, and Clinton 'Clint' Lewis, Attorneys at Law*. Citing: **"Ex Parte OVERTON," 444 S.W.3d 632 (Tex. App. 2014)**: *"...for a criminal defendant in Texas to be successful in obtaining the relief on a claim of ineffective assistance of counsel, the defendant must satisfy two requirements: 1) the defendant must show that counsel's performance was deficient, and, 2) the deficient performance resulted in prejudice to the defendant..."* The Plaintiff shall demonstrate to this Court that "Templeton," "Brinkley," and "Lewis" failed in their ability to mitigate any risks of criminal or civil liabilities in the re-organization of Plaintiff's Company "**MRGI**" and of Plaintiff's Company "**MRGI's**" Clients. Therefore, for the court to grant habeas corpus

PAGE - 124

relief for ineffective assistance of counsel, the Plaintiff shall establish, by a preponderance of the evidence, that Trial Legal Counsels' performance fell below an objective standard of reasonableness. Second, the Plaintiff shall show there was a reasonable probability that the result of the proceedings would have been different but for the Trial Legal Counsel's deficient performance. Had any of the three attorneys testified on behalf of the Plaintiff's defense at Trial, it would have proved that the Plaintiff did NOT commit the criminal offense as the Indictments allege.

xxiii.  **SIXTH AMENDMENT - Constitutional Right Violation:**

*Conviction obtained by the denial of effective assistance of legal counsel: Michael Lynn Davis, Attorney at Law. Attorney Michael Davis failed to attend the Plaintiff's trial despite being retained and paid for legal fees.* Citing: SIXTH AMENDMENT to the United States Constitution not only guarantees criminal defendants the right to an attorney but *"...the right to "adequate representation." This is true whether the defendant is indigent and has a court-appointed lawyer or if the defendant hired their lawyer. It's important to understand that adequate representation doesn't mean perfect representation. However, an incompetent or negligent lawyer can so*

PAGE - 125

*poorly represent a client that the court is justified in overturning a*

*guilty verdict based on the attorney's incompetence..."*

xxiv. **SIXTH AMENDMENT - Constitutional Right Violation:**

*Conviction obtained by the denial of effective assistance of legal*

*counsels: Thomas John Burbank, Attorney at Law. Attorney Thomas*

*John Burbank failed to uncover the falsity and the fraud committed*

*by the State, which constitutes ineffective assistance of counsel,*

*entitling the defendant to relief on this ground.* Citing: **"UNITED**

**STATES v. BAGLEY," 473 U.S. 667, 682,** stating the standard for

materiality as a *"...reasonable probability that, had the evidence*

*been disclosed to the defense, the result of the proceeding would have*

*been different. A 'reasonable probability' is sufficient to undermine*

*confidence in the outcome..."* Citing **"WAYNE R. LAFAVE et al.,**

**CRIMINAL PROCEDURE § 24.3", 1145-46 (5th ed. 2009) -**

noting that the Supreme Court continues to *"...use the materiality*

*standard articulated in Bagley, which was modeled after the*

*definition of prejudice in claims of ineffective assistance of*

*counsel...in cases of non-disclosure of exculpatory evidence, the*

*court must determine how the defense could have used the*

*exculpatory information and whether it would have changed the*

PAGE - 126

*course of the trial, considering how it would have affected the defense investigation and strategy and whether it would have yielded admissible information..."* Citing **"THOMAS v. KUHLMAN", 255 F. Supp. 2d 99 (E.D.N.Y. 2003),** the Court held that *"...the witness' testimony was false, neither the prosecutor nor defense counsel had visited the scene, so at trial neither recognized the falsity..."* **Id. at 112**. *"...although the court recognized that the prosecutor possibly should have known the testimony was false, it concluded that relief should be granted on that basis..."* **Id. at 113**. *"...of course, to obtain relief on this ground the defendant cannot merely establish a reasonable likelihood that the false testimony affected the verdict but must meet the higher standard, showing that counsel's failure to discover the falsity was incompetent and that there is a reasonable probability that counsel's deficiency had an effect on the verdict..."* Citing **"STRICKLAND v. WASHINGTON", 466 U.S. 668 (1984):** *"...defining requirements for relief based on incompetence of counsel... if a defendant's lawyer is ineffective at trial and on direct appeal, the defendant's Sixth Amendment right to a fair trial has been violated. In analyzing claims that a defendant's lawyer was ineffective, the principal goal is to determine whether the lawyer's*

PAGE - 127

*conduct undermined the judicial process's functioning and that the trial cannot be relied upon as having produced a just result. To prove this, the defendant must show (a) the lawyer's job performance was deficient (i.e., the lawyer made errors so serious that they didn't function as the counsel guaranteed by the Sixth Amendment) and (b) ... the deficient performance unfairly prejudiced the defense (i.e., the errors were so serious that it completely deprived the defendant of a fair trial). Unless a defendant proves both steps, the conviction or sentence cannot be said to result from a breakdown in the judicial process such that the result is unreliable. When courts review a lawyer's advocacy of a defendant, they're deferential to the lawyer. In other words, courts are bound by a strong presumption that any given lawyer's conduct falls within the range of reasonable professional assistance..."* The Plaintiff shall demonstrate to the Courts that Burbank's inadequate representation unfairly prejudices the Plaintiff. Burbank failed to (a) ...investigate this case; (b) ...present supporting witnesses; (c) ... interview or cross-examine the State Witnesses; (c) ...timely objections to harmful evidence – namely false evidence or false testimony, or arguments/statements;

PAGE - 128

(d) ...file a timely motion(s) as instructed by the Plaintiff; and (e) ...to disclose conflict of interest in representing the Plaintiff.

xxv. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation:** *Conviction obtained from false evidence, when the State Expert Witness tampered with material evidence, be presentment of fraudulent and manipulated analysis as being accurate and factual, violating the Plaintiff's Due Process of Law.* Citing **"DRAKE v. PORTUONDO," 553 F.3d 230, 237-38 (2d Cir. 2009),** *"...the defendant discovered the false evidence that the expert had lied about his credentials through research he conducted while in prison, long after he had exhausted his direct appeals, and the state court did not allow him to develop a record to support his allegations that his conviction rested on perjured testimony..."* Citing **"ORTEGA v. DUNCAN," 333 F.3d 102, 109 (2d. Cir 2003):** *"...concluding that jury would have been unlikely to convict had it learned of the witness's perjury..."* The State Expert Witness "Charles Keith Hawkes" – a staff employee of the Jefferson County District Attorney's Office, admitted to using a copy of bogus checks (materially false evidence) as the basis of "Hawkes" prepared

PAGE - 129

fraudulent analysis as State Exhibits "28", "29", "31", and "32" (refer to Exhibit "19" and Exhibit "20" here within); whereas during cross-examination (refer to CT.RR.VI.255 - 256):

> Legal Counsel asked: *"...I'm sorry. The only thing you did, Mr. Hawk -- Hawkes -- excuse me -- is they gave you some [bogus] checks, which we already had, put them in order, which we already knew that he had [allegedly] 200-something thousand dollars he paid to himself, okay -- -- as was represented that he worked there and was hired to do it -- working there – and that's all you did?*

> Hawkes testified: *"Correct -- that's what I did..."*

> Legal Counsel: *"And based on just those [bogus] checks with nothing on it, you come up with the assumption he was not authorized?*

> Hawkes: *"Correct - that's right..."*

As previously explained, Plaintiff has the burden of proving His innocence that State Expert Witness "Charles Keith Hawkes" – a Jefferson County District Attorney's Office staff employee (considered Conflict of Interest) - deprived Plaintiff of His Constitutional Rights under the United States Constitution. The

PAGE - 130

FOURTEENTH AMENDMENT protects against criminal charges based on false evidence that the State deliberately fabricated. In this case, the Plaintiff alleges the State deprived the Plaintiff of His rights under the FOURTEENTH AMENDMENT to the Constitution when the State knowingly presented a copy of bogus checks as fabricated evidence (refer to *Exhibit "19"* here within). For the Plaintiff to prevail on His meritorious claim of deliberate fabrication of evidence by the State, the Plaintiff shall prove such to this Court by a preponderance of the evidence. The State continued the investigation of the Plaintiff even though the State knew that the Plaintiff was innocent and was deliberately indifferent to the Plaintiff's innocence. The investigation results were used to falsely, criminally charge, prosecute, and wrongfully convict the Plaintiff, violating the Plaintiff's Due Process of Law. Citing **"DEVEREAUX v. ABBEY," 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc)** - the Ninth Circuit stated that to establish deliberate fabrication of evidence, the defendant must, at a minimum, point to evidence that *"...supports at least one of the following two propositions: (1) ...State continued their investigation of the Plaintiff even though they knew or should have known that the Plaintiff was innocent; or (2) ...State used*

PAGE - 131

*investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information. The Court also held that "...there is an established constitutional due process right not to be subjected to criminal charges based on false evidence deliberately fabricated by the State..."* **Id. at 1074-75 (emphasis added)** *"...other courts have held that such evidence may not be used to prosecute or convict an individual..."* - **"DEVEREAUX," 263 F.3d. at 1075** *"...the knowing use by the prosecution of perjured testimony to secure a criminal conviction violates the Constitution..."*; citing **"COLE v. CARSON," 802 F.3d 752, 768 (5th Cir.2015)** *"...a victim of intentional fabrication of evidence by State officials is denied due process when he is either convicted or acquitted...thus, the instruction should be modified depending on whether the defendant was criminally charged, prosecuted, or convicted based on fabricated evidence. This instruction includes prosecution as a means to satisfy the three elements for a trial court to consider.... because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time..."* The deliberate fabrication of

PAGE - 132

evidence implicates *"...the fundamental due process right to a fair trial..."* citing **"RICHARDS v. COUNTY OF SAN BERNADINO," 39 F.4th 562, 572 (9th Cir. 2022)**. This is true *"...regardless of the defendant's innocence or guilt... the right to a fair trial has impinged either way..."* **Id.** *"...accordingly, rather than a "but-for causation standard," the appropriate standard of causation is the "materiality causation standard," under which causation is established if the defendant "can show a reasonable likelihood that the allegedly fabricated evidence could have affected the judgment of the grand jury or petit jury..."* **Id. at 573-74.**

xxvi. **FIRST, FOURTH, FIFTH; SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation and Fundamental Error:** *Conviction obtained from false evidence, when the State based false theory (manufactured facts) not supported by the invalid, defective Indictment, violating the Plaintiff's Due Process of Law.* The United States Supreme Court has said that *"...a conviction obtained by the use of perjured testimony or false theory (manufactured facts) violates due process rights to a fair trial' when the false nature of the testimony was known to the prosecuting attorney or the police at the time of its use. The allegations in these*

PAGE - 133

*cases were consistent in that the prosecution knew of the false nature of the testimony or false theory when it was introduced, and the decisions were limited to these allegations.  The Court took the knowing aspect for granted as a requisite to find State action. If the perjury were committed without the knowledge of the prosecution, it would be private rather than state action. In any event, the lower federal courts, with monotonous regularity, interpreted "MOONEY" and its progeny as requiring allegations and proof that the prosecution made knowing use of the perjured testimony or false theory in this criminal cases, as well as in habeas corpus cases attacking State convictions..."* citing **"MOONEY v. HOLOHAN," 294 U.S. 103 (1935) (dictum)** - the United States Supreme Court made clear that *"...deliberate deception of a court and jurors by the presentation of known false evidence or false theory is incompatible with "rudimentary demands of justice..."* Citing **"NAPUE v. ILLINOIS," 360 U.S. 264 (1959),** the Supreme Court reiterated that *"...a conviction obtained through use of false testimony or false theory, known to be such by representatives of the State, is a denial of due process of law..."* The Court further ruled that *"...there is also a denial of due process when the State, though not soliciting false*

PAGE - 134

*evidence, allows it to go uncorrected when it appears. In cases involving false or misleading testimony, a new trial is required if "the false testimony or false theory could...in any reasonable likelihood have affected the judgment of the jury..."* **"NAPUE," 360 U.S. at 271**. The State committed "Fraud on the Court," which violates the Plaintiff's Constitutional Right to the discovery of evidence material pertinent to the Plaintiff's Criminal Case pursuant to **"BRADY V. MARYLAND," 373 U.S. 83 (1963) and "GIGLIO V. UNITED STATES", 405 U.S. 150 (1972)**. Destruction of false evidence to support the State's False Theory is also considered "***Fraud on the Court***."

xxvii. **SIXTH AMENDMENT - Constitutional Right Violation:**

*Conviction obtained by the denial of effective assistance of Appellate Legal Counsel: Dustin Galmor, Attorney at Law.* Appellate Attorney Dustin Galmor failed to establish effective assistance of appellate counsel in Texas. The Plaintiff shall demonstrate to this Court: 1) that Galmor's performance was deficient, and 2) that the deficient performance prejudiced the Plaintiff. Citing: **"Ex parte MILLER," 330 S.W.3d 610 (Tex. App. 2009),** the Court held that *"...to demonstrate that appellate counsel was constitutionally ineffective*

PAGE - 135

*for failing to raise a particular point of error or issue on appeal, the defendant must prove that legal counsel decision not to raise the issue was objectively unreasonable...while analyzing the performance of appellate counsel, the Plaintiff must recognize that an attorney is not required to argue every possible issue on appeal...* " An appellate attorney need not, and should not, raise every non-frivolous claim.  Instead, the appellate attorney should consider all the available problems and present the claims that maximize the likelihood of appellate success – such as the Indictment is fatally flawed – is "materially factual" that the "Defendant" and the "Complainant Owner" are the same one person as the Plaintiff, and that the State presented a bogus copy of checks to fraudulent support the "...value of $200,000 or greater..." as the Indictment alleges.  Had Galmor spent time with the Plaintiff, he would have added additional meritorious claims to the brief to the Appeals Courts. Galmor spent zero time with the Plaintiff and submitted a Brief without any reviews or feedback from the Plaintiff.

xxviii.    **FOURTEENTH AMENDMENT – Constitutional and Civil Right Violations:** *No provisional allowance or accommodation for Plaintiff's Disability; "Deafness" and "Auditory Processing*

PAGE - 136

*Disorder.*" The Plaintiff was denied "Equal Protection" rights under the FOURTEENTH AMENDMENT, which guarantees and affords the Plaintiff sufficient ability to understand the entire Trial proceedings against Plaintiff, be effective, and assist in His own defense. In considerations of fairness, the integrity of the fact-finding process and the potency of the adversary system of justice and fairness forbids the State to prosecute a disabled Plaintiff - who is *Legally Deaf* - coupled with *Auditory Processing Disorder*. The Plaintiff's Constitutional Rights and Federal Civil Right to be present "*equally*" with the ability to consult with His lawyer with a reasonable degree during the Trial Proceedings and with rational understanding.

xxix. **FIRST, FOURTH, FIFTH, SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation, Fundamental Error, and Civil Right Violations: Fraud on the Court.** *The State knows this is true.* They defrauded the Court because the entire case was already contaminated by destruction of evidence, presentment of false evidence, perjury, and claiming that Plaintiff allegedly stole, laundered, and misapplied fiduciary property of property belonging to the same Plaintiff when they have no proof of that. The State

PAGE - 137

refused to accept any evidence mailed or emailed by family or friends. The State didn't do their job. They didn't even know that the Plaintiff was the "lawful owner" of the Plaintiff's Company "**MRGI.**" The State Expert Witness admitted to that fact under penalty of perjury in open Court during the Trial. The Trial was a sham since it would not let the matters of law determine that the Trial should not have led to a conviction. Evidence was ignored or suppressed.

xxx. **FIRST, FOURTH, FIFTH, SIXTH; and FOURTEENTH AMENDMENTS - Constitutional Right Violation, Fundamental Error, and Civil Right Violations**: *Actual Innocence and Legal Innocence*. The Plaintiff has a lot of potential grounds for relief, showing Actual Innocence. The Plaintiff was deprived of His **BRADY RIGHTS** and rights under **"GIGLIO v. UNITED STATES"** citing **"GIGLIO v. UNITED STATES," 405 U.S. 150 (1972)** and **"BRADY v. MARYLAND," 373 U.S. 83 (1963) ("BRADY")**.

181. Therefore, the Plaintiff respectfully requests this Court also to consider the merits of filed Writ No. 15-23712-A through Writ No.15-23712-I under

PAGE - 138

*Texas Code of Criminal Procedure Article 11.07 § 4(a)(1)* and *Petition For Writ of Habeas Corpus*, under *28 U.S.C. § 2254 Writ of Habeas Corpus for a Person in State Custody – Case No. 1:21-CV-00514* and has NOT been heard by the United States District Court, in determination of this Petition.

182. The Plaintiff shall show cause which contains sufficient **material facts** that:

> (i)   ...the current claims and issues have not been and could not have been presented or considered in the previous applications filed under this article because the factual or legal basis for the claim was unavailable on the date the Plaintiff filed the last application because he was incarcerated;

> (ii)   ...the Petit Jury based its verdict of "Guilty" on False Evidence, Perjured Testimony, and Fraud in the Court;

> (iii)   ...the State presented false evidence and fabricated evidence at Trial;

> (iv)   ...exculpatory evidence was unlawfully concealed by the State proving the Plaintiff's innocence;

> (v)   ...by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the

PAGE - 139

Plaintiff guilty beyond a reasonable doubt of crimes that never occurred; and

(vi) ...should the State or any of the use mentioned above the false evidence and perjured statement presented at the Trial, in their defense before this Court, risking additional crimes of official misconducts and fraud on the court before this Court.

## PLAINTIFF WAS DENIED DUE PROCESS OF LAW DURING HIS TRIAL

183. The Plaintiff contends that this Court should vacate the judgment of conviction and hold an evidentiary hearing concerning the Plaintiff's wrongful conviction of crimes that never occurred. For this argument, the Plaintiff relies on two cases: **"Ex parte BOYD," 58 S.W.3d 134 (Texas Court of Criminal Appeals) (October 24, 2001)** and **"APPRENDI v. NEW JERSEY," 530 U.S. 466 (June 26, 2000)**; in violations of Plaintiff's Constitutional Rights.

184. The Plaintiff contends that **APPRENDI** applies to this Petition. As set forth herein, **Ex Parte BOYD** allows this Plaintiff to raise an **APPRENDI** issue within the context of constitutional rights violations and infringements of constitutional rights, stating: *"...before we address the*

PAGE - 140

*merits of applicant's federal constitutional claim, we must first address*
*whether that claim is cognizable via habeas corpus even though it is*
*presented for the first time. Ordinarily, the writ of habeas corpus may not*
*be used to litigate matters that could have been raised at trial and on direct*
*appeal..."* citing **"Ex parte BAGLEY," 509 S.W.2d 332, 334 (Tex. Crim.**
**App. 1974),** *"...however, an applicant's failure to raise a claim at trial*
*may be excused if the basis of the claim was not reasonably available at*
*the time of trial'...* citing **"Ex Parte GOODMAN," 816 S.W.2d 383, 385**
**(Tex. Crim. App. 1991),** *"...because the Supreme Court's decision in*
*APPRENDI came almost four years after the applicant's trial, we hold that*
*his failure to assert an APPRENDI-type claim at trial and on appeal does*
*not bar him from asserting such a claim..."* citing **"Ex Parte BOYD", at**
**135**.

185. Regarding the merits of Plaintiff's claim: following a jury trial in the
Jefferson County District Court (Texas) as libelous, the Plaintiff was
wrongfully convicted of ***misapplication of fiduciary property*** of property
belonging to the same Plaintiff and the Plaintiff's Company "***Management***
***Resources Group, Inc.***" ("**MRGI**") – *as the Indictments allege*. The jury
assessed the Plaintiff's punishment as imprisonment for ten years.

PAGE - 141

186. As applied at Plaintiff's Kangaroo Trial, the Court removed from the jury the assessment of a fact beyond a reasonable doubt – that the indictments allege the Plaintiff as being both the *"Defendant"* and the *"Complainant Owner"* of His Company *"Management Resources Group, Inc."* The Jury was not instructed to find the fiduciary property belongs to another owner - other than Plaintiff and Plaintiff's Company, *"Management Resources Group, Inc."*

187. The Jury was NOT instructed to find that Plaintiff as the *"Defendant"* acted criminally without the effective consent of the same "Plaintiff" – as the *"Complainant Owner"* who is the lawful owner of His Company *"Management Resources Group, Inc."* violated Plaintiff's constitutional right to due process of law, as legal claims of libelous and defamation against the above-named Defendants.

188. As a result, the prerequisites for habeas relief have been met. Citing **"Ex parte FIERRO," 934 S.W.2d 370, 372 (Tex. Crim. App. 1996); "Ex parte BANKS," 769 S.W.2d 539, 540 (Tex. Crim. App. 1989).** Therefore, the Plaintiff's wrongful conviction in His case in the 252nd Judicial District Court of Jefferson County should be vacated by this Court, and the Plaintiff should be afforded an Evidentiary Hearing or a New Trial at once.

## NATURE OF RELIEF SOUGHT FOR ACTUAL INNOCENCE CLAIMS – PERJURED TESTIMONY, FABRICATED EVIDENCE, and FRAUD ON THE COURT – *violations of Plaintiff's Constitutional Rights*

189. The Plaintiff shall demonstrate to this Court the extrinsic "*Prosecutorial Misconduct*" and "*Fraud on the Court*" and of other multiple Constitutional Errors Violations – as "*BRADY Violations*" as support from the "Trial Court Record" in CAUSE No. 15-23710 "*Theft*," No. 15-23711 "*Money Laundering*," and No. 15-23712 "*Misapplication of Fiduciary Property*" of property belonging exclusively to the Plaintiff and the Plaintiff's exclusive owned Company "*Management Resources Group, Inc.*" ( "**MRGI**") – *as the Indictments alleges* (refer to **Exhibit "2"** here within – proving that the Plaintiff is the lone sole owner of His Company "**MRGI**").

190. The indictments in this case raise a critical issue that undermines its validity and renders it fatally flawed. Upon careful examination of this Court, the Court shall find that the case against Plaintiff "William Curtis Jones" is indisputable. Both the "*Defendant*" and the "*Complainant Owner*" named in the Indictment are, **materially**, in fact, the same person – the Plaintiff "William Curtis Jones." This fundamental error strikes the

PAGE - 143

core of the legal proceedings and necessitates immediate action and a claim of malicious prosecution of crimes that never occurred.

191. The principle of due process of law ensures that the accused Plaintiff receives a fair and impartial trial. In this case, the roles of the "*Defendant*" and the "*Complainant Owner*" must be distinct and separate, as they represent opposing interests within the legal framework. However, the Indictment fails to adhere to this fundamental principle in this case, clearly violating the Plaintiff's Constitutional Right to a fair trial and due process of law.

192. The Indictments were knowingly obtained from the fraudulent "*Criminal Complainant Affidavit*" sworn by an "*Affiant*" who had no legal standing within the Plaintiff's Company "**MRGI**" committed aggravated perjury, by presenting false evidence and false statements or testimony to the Grand Jury, alleging that the Plaintiff stole, laundered, and misapplied fiduciary property of property belonging to the same Plaintiff and the Plaintiff exclusive owned Company "**MRGI**" – by claiming that she (the "*Affiant*") owns, and that the Plaintiff – as the "*Defendant*" criminally acted without the same "Plaintiff" – as the "*Complainant Owner*" - effective consent of the same "Plaintiff", *as the Indictment alleges*, citing: "**HERRERA v. COLLINS**", 506 U.S. 390, 399 (1993): the Supreme Court has held that

PAGE - 144

the presumption of innocence "disappears" after applicant: *"...has been afforded a fair trial and convicted of the offense for which he was charged...however, that rule of law seems to beg the question when we are dealing with an actual innocence claim based on false evidence... if the State's evidence presented against a defendant was faulty in any way, whether because it was untrue, or secured improperly, or misleading because exculpatory evidence was withheld, then how can we say the defendant was "afforded a fair trial and with confidence?..."*

193. This Court shall find that the above controverted, unresolved issue be legally and factually as **"Materially True."** The consequences of such a constitutional error cannot be overstated. By conflating the Plaintiff's role as both the **"*Defendant*"** and the **"*Complainant Owner*"** - the invalid, defective Indictments created a conflict of interest that compromised the integrity of the legal proceedings. Furthermore, the Trial Court did not have proper jurisdiction over the three said Causes.

194. It undermines the presumption of innocence, muddies the delineation of roles and responsibilities, and therefore prejudices the Petit Jury or Trial Judge against the Plaintiff – unfairly, unjustly, and libelous.

195. Moreover, this constitutional error undermines the credibility and reliability of the entire Indictment. The fact that such a fundamental

PAGE - 145

mistake was made before the start of the Trial raises concerns about the competence and diligence of those responsible for its preparation. It erodes public confidence in the legal system, as the Plaintiff's Legal Counsels – at the beginning of the Trial - constitutionally question the accuracy and fairness of the proceedings.

196. Furthermore, identifying the Defendant and the Complainant Owner as the same person in the Indictments is a grave error that fundamentally undermines the fairness and integrity of the entire legal proceedings. This error represents a clear violation of the Plaintiff's constitutional right to a fair trial and calls into question the credibility of the whole indictment and a claim of prosecutorial misconduct for crimes that never occurred.

197. Therefore, the invalid, defective Indictments would indisputably entitle the Plaintiff to immediate relief from His wrongful conviction. This Court shall find that the Plaintiff was denied a) ...*due process of law*, b) ...*denial of effective assistance of Legal Representation*, c) ...*Prosecutorial Misconduct*, d) ...*slandered and defamed*; and e) ...*other Constitutional Rights violations*, citing: **"BRADY v. MARYLAND," 373 U.S. 83, 87 (1963)**: *"...society wins not only when the guilty are convicted when criminal trials are fair; but, our system of the administration of justice suffers when any accused is treated unfairly..."*

198. Presentment of false evidence, fabricated evidence, forged evidence, or tainted evidence is **Material Information** created or obtained illegally to sway the Jury's verdict "*falsely*" in a court case. Someone within the prosecution team could make falsified evidence, including the Affiant, State Witness, and State in this criminal case, or someone sympathetic to one of the actual perpetrators who committed the crimes against the Plaintiff and the Plaintiff's Company "**MRGI.**"

## PLAINTIFF'S EXONERATION

199. Based on evidence and findings of actual criminal activities – unbeknownst to Plaintiff, the Plaintiff subsequently filed over sixty (60) motions, memorandums, writs, or petitions for seeking relief from his wrongful convictions and wrongful incarceration. Neither the State nor the Trial Court has opposed or denied these petitions. However, Defendant "**QUENTIN DEAN PRICE**" filed a ***Motion to Declare*** [Plaintiff] ***a Vexatious Litigant***, which the Court quickly granted that Motion as yet another act of "*official misconduct*" and "*fraud on the court*."

200. On or about January 5, 2021, the Honorable Judge Raquel West of the 252nd Judicial District Court in Jefferson County, Texas, issued a

PAGE - 147

*"**ARTICLE 11.07, §3(d) – ORDER DESIGNATING ISSUES**"* to challenge the Plaintiff's conviction and additionally ORDER an evidentiary hearing. The ***Jefferson County District Attorney's Office*** has yet to proceed to dismiss all charges against the Plaintiff, fearing public awareness of the legal nightmare forthcoming to the ***Jefferson County District Attorney's Office*** for ineptness and corruption.

201. In the lack of any explanation of any decision to forgo any additional prosecution, the ***Jefferson County District Attorney's Office*** has been quoted in part: *".... want to make it truly clear that anytime anyone spends a day, a week, or a year in jail for a crime he or she did not commit, it is, indeed, regrettable.... that feeling of regret is both present and strong..."*

## PLAINTIFF'S DAMAGES

202. At the time, he was wrongfully accused of theft, money laundering, and misapplication of fiduciary property of property belonging to the Plaintiff or from the Plaintiff's Company *"**MRGI**"* - *as the Indictments allege.* When the Grand Jury handed down the Indictments, the Plaintiff was a 59-year-old professional Projects Management and Projects Development Director without any final criminal record.

PAGE - 148

203. The Plaintiff lived at his home near Los Angeles, California, with his wife, and the Plaintiff enjoys spending His free time with his wife and son, enjoying His four dogs. The Plaintiff also played golf and took long hikes along the Hills of Southern California (with his wife and dogs).

204. Notwithstanding His eventual exoneration, the Plaintiff's life has been ruined and his reputation destroyed by the above-named Defendants' acts and misdeeds. Defendants improperly and libelously caused the Plaintiff to be removed from his family and His challenging and exciting working career environment and abruptly thrust into the *Jefferson County Correctional Facility* on February 9th, 2018. Eventual intake at the *Texas Department of Criminal Justice – Correctional Institute Division* -  prison system on March 21st, 2018, was forced to fend for Himself, with His profound disability "*DEAF*" in a prison unit full of dangerous, fully-grown men, for a wrongful conviction of crimes that never occurred.

205. The Plaintiff's false imprisonment was made even more arduous because He faced the stigma within the prison of having been wrongfully convicted for theft, money laundering, and misapplication of property belonging exclusively to the Plaintiff and His Company "*MRGI*," and that the Plaintiff acted criminally without the effective consent of Plaintiff - as the Complainant Owner of His COMPANY "*MRGI*" - in a despicable manner.

PAGE - 149

As a result, the inmate population thoroughly shunned the Plaintiff, and worse, because of the accused crimes.

206. Despite a personal, professional background in international project management and being "*DEAF*," which left him wholly unprepared for prison life, the Plaintiff coped the best He could. In prison, the Plaintiff became an avid reader, and He received certificates for completion of hundreds of Bible Study Programs, as well as certificates in goal setting and self-esteem. The Plaintiff also obtained a degree in Law Clerk and Paralegal.  This was the most excellent tool to help Plaintiff pursue wrongful conviction claims, wrongful incarceration, legal malpractice, libelous, defamatory, and other lawsuits filed in various Texas State Judicial District Courts and various United States District Courts.

## EFFECTS ON PLAINTIFF

207. On information and belief, after over five (5) years of wrongful conviction and wrongful incarceration, the prison term of ten (10) years for crimes that never occurred is an act of injustice and defamatory claims, violating the Plaintiff's Constitutional Rights.

208. In serving over three (3) years behind bars, the Plaintiff was wrongfully deprived of not only the end of His marriage and His chosen career but

virtually the critical time of his son's entering college. The Plaintiff must now attempt to make a life for Himself outside of prison without the benefit of the years of His son's life experiences, which ordinarily equip, as a loving father, of His son's adulthood for that task.

209. Additionally, the emotional pain and suffering caused by losing over five (5) years in the prime of life and chosen career has been substantial. During his wrongful incarceration, the Plaintiff was stripped of various pleasures of basic essential experience and freedom, from the simplest to the most important, which all free people enjoy as a matter of right. He missed the ability to share holidays, births, funerals, and other important life events with loved ones, remain married or continue with his chosen career, and the fundamental freedom to live one's life as an autonomous human being.

210. As a result of the foregoing, Plaintiff has suffered almost unfathomable damages, all proximately caused by the above-named Defendants' official misconduct and possible criminal acts of "***fraud on the courts.***"

## POLICIES AND PRACTICES:

211. The unconstitutional and unlawful withholding of exculpatory information from the Plaintiff's defense in this case, as well as the subsequent

destruction of some of the same, and fabrication/doctoring of unlawful and unconstitutional obtained evidence (without a proper, formal legal probable cause), was all undertaken pursuant to, and proximately caused by, a policy and practice on the part of the *Jefferson County District Attorney's Office*, is unconstitutional and a federal felonious offense.

212. Specifically, at all times relevant hereto, members of the *Texas Department of Public Safety – Criminal Investigation Division*, including most of the above-named Defendants in this action, systematically suppressed "*Brady Material*" by intentionally secreting discoverable information in so-called *Jefferson County District Attorney's Office* "discovery evidence files." As a matter of widespread custom and practice, these clandestine "evidence files" were routinely withheld from the *Texas Department of Public Safety – Criminal Investigation Division* by the *Jefferson County District Attorney's Office* and from criminal defendants and were subsequently destroyed, which is unconstitutional and a federal felonious offense.

213. Inconsistent with the "*policy and practice*" described in the preceding paragraphs, the above-named Defendants in this case **"unlawfully"** and **"unconstitutionally"** concealed exculpatory evidence within the *Jefferson County District Attorney's Office* "discovery evidence files" which were

PAGE - 152

never disclosed to the Plaintiff's criminal defense team, and which have since been destroyed, is defamatory and slanderous. This withholding and destruction of evidence, which would have undoubtedly exonerated the Plaintiff, was undertaken pursuant to the *Jefferson County District Attorney's Office "policy and practice"* in the manner described above.

214. The *"policy and practice"* described in the foregoing paragraph was possibly consciously approved at the highest policy-making level for decisions involving the corrupt *Jefferson County District Attorney's Office*, which is unconstitutional and was a proximate cause of the injuries suffered here by the Plaintiff.

## MALICIOUS PROSECUTION:

215. In addition to the foregoing, the Plaintiff was also the victim of His injuries, which were proximately caused by defamatory and slanderous, from the *"policy and practice"* on the part of the *Jefferson County District Attorney's Office* to pursue and secure false, unconstitutional conviction through profoundly flawed investigations and offering of false evidence knowingly, is unlawful, violating federal laws and civil rights violations.

PAGE - 153

216. Specifically, fabrication of evidence, withholding/concealment of exculpatory information, and other illegal tactics, which completely corrupted the entire investigative process, violated Plaintiff's constitutional rights.

217. This institutional desire to "solve" crimes more expediently regardless of actual guilt or innocence, to enhance prosecution by the corrupt *Jefferson County District Attorney's Office*, including some or all the above-named Defendants herein, engaged in a systematic pattern of unconstitutional and unlawful acts, possibly criminal acts, who themselves participated in the practice, then conspired to pin their crimes to the Plaintiff is unconstitutional.

218. The above-described widespread practices, so well settled as to constitute *de facto* policy in the *Jefferson County District Attorney's Office* during the period at issue, were able to exist and thrive because alleged policymakers with authority over the same exhibited deliberate indifference to the problem.

219. In addition to the Plaintiff, dozens of other known victims of similar abuses of wrongful conviction and wrongful incarceration by the corrupt *Jefferson County District Attorney's Office*. However, there may well be many more. Other criminal defendants victimized by this practice were

PAGE - 154

wrongfully sentenced to prison, which should be held by this Court as unconstitutional.

220. The widespread practices described in the preceding paragraphs were allowed to occur because the corrupt ***Jefferson County District Attorney's Office*** declined to implement sufficient training and any legitimate mechanism for oversight or punishment. Indeed, the ***Jefferson County District Attorney's Office*** system for investigating and disciplining prosecutors accused of the type of official misconduct that befell the Plaintiff was, and is, for all practical purposes, nonexistent - and unconstitutional.

221. The ***Jefferson County District Attorney's Office,*** who chose to manufacture criminal cases against the Plaintiff, had every reason to know that they not only enjoyed ***de facto immunity*** from criminal prosecution or being disciplined by the ***Texas Attorney General Office*** or the ***State Bar of Texas***, but that they also stood to be rewarded for closing cases no matter what the costs.   In this way, this system proximately caused abuses, such as the official misconduct in this case.  This unfair practice is grounds for disbarment and possible federal criminal prosecution for civil rights violations.

# COUNT I – 42 U.S.C. § 1983:  VIOLATIONS OF DUE PROCESS

222. Each paragraph of this Petition is incorporated as if restated fully herein.

223. As described more fully above, all the above-named Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, deprived the Plaintiff of His constitutional right to a fair and impartial trial, for crimes that never occurred.

224. In the manner described more fully above, the above-named Defendants unconstitutionally and deliberately withheld/concealed exculpatory evidence, as well as fabricated false reports and other unconstitutional and unlawfully obtained "*search and seize*" evidence, thereby misleading and misdirecting the entire criminal prosecution of the Plaintiff. Absent this libelous, malicious misconduct, prosecution of the Plaintiff could not and would not have been pursued.

225. The above-named Defendants' professional or official misconduct also directly resulted in the unjust criminal conviction of the Plaintiff, thereby denying the Plaintiff of His constitutional right to a fair and impartial trial and a fair appeal thereof, in violation of the **Due Process Clause** of the **Fourteenth Amendment** to the **United States Constitution**.

PAGE - 156

226. As a result of this violation of Plaintiff's constitutional right to a fair and impartial trial, Plaintiff suffered injuries, including, but not limited to, emotional distress, as is more fully alleged above.

227. The official misconduct described in this Count was unlawful, unconstitutional, unreasonable, and intentionally undertaken with willful indifference - to Plaintiff's constitutional rights.

228. The criminal acts of abuse of colors and official misconduct described in this Count were undertaken pursuant to the "***policy and practice***" of the ***Jefferson County District Attorney's Office*** in the manner described above.

## COUNT II – 42 U.S.C. § 1983:  FALSE IMPRISONMENT

229. Each paragraph of this Petition is incorporated as if restated fully herein.

230. As described more fully above, all of the above-named Defendants, while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, caused the Plaintiff to be falsely imprisoned in violation of his constitutional rights, is a federal offense.

231. As a result of this violation, the Plaintiff suffered profound injuries, including but not limited to emotional distress, as is more fully alleged above.

PAGE - 157

232. The official misconduct described in this Count was objectively fraud, unlawful, unconstitutional, unreasonable, and intentionally undertaken with willful indifference to the Plaintiff's constitutional rights.

233. The official misconduct described in this Count was undertaken pursuant to the "*policy and practice*" of the corrupt *Jefferson County District Attorney's Office* in the manner described above.

## COUNT III – 42 U.S.C. § 1983:  FALSE EVIDENCE

234. Each paragraph of this Petition is incorporated as if restated fully herein.

235. As more fully described above, one or more of the Defendants used unjustified means to prosecute against the Plaintiff to convict him of an alleged crime he did not commit, which is unconstitutional.

236. As a result of the above-named Defendants' unjustified use of malicious prosecution by offering false evidence knowingly, the Plaintiff suffered great mental anguish, humiliation, degradation, physical and emotional pain and suffering, and other consequential damages.

237. The official misconduct described in this Count was undertaken with unconstitutional and unlawful malice, willfulness, and reckless indifference to the constitutional rights of the Plaintiff.

238. The official misconduct described in this Count was also undertaken pursuant to the *"policy and practice"* of the corrupt *Jefferson County District Attorney's Office* in the manner described above.

## COUNT IV – 42 U.S.C. § 1983:  SIXTH AMENDMENT

239. Each paragraph of this Petition is incorporated as if restated fully herein.

240. As described more fully above, one or more of the above-named Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied the Plaintiff of His right to counsel in violation of His constitutional rights, and shall be held to account of possible federal crimes committed against the Plaintiff.

241. As a  result of these violations, the Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

242. The official misconduct described in this Count was objectively unconstitutional, unlawful, and unreasonable and was undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

243. The official misconduct described in this Count was undertaken pursuant to the *"policy and practice"* of the corrupt *Jefferson County District Attorney's Office* in the manner described above.

## COUNT V – 42 U.S.C. § 1983:  EQUAL PROTECTION

244. Each paragraph of this Petition is incorporated as if restated fully herein.

245. As described more fully above, the above-named Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied the Plaintiff equal protection of the law in violation of His constitutional rights and considered possible federal crimes committed against the Plaintiff.

246. Specifically, the above-named Defendants actively participated in, or personally caused, official misconduct in terms of abusing disabled criminal suspects, as in this Petition, against the Plaintiff in a manner calculated to secure unjust convictions. Said official misconduct was motivated by bias animus and constituted purposeful discrimination; it also affected minorities or disabled in a grossly disproportionate manner of disabled individuals or vis-a-vis similarly situated White, Caucasian individuals, which is a violation of constitutional rights.

247. As a result of this violation, the Plaintiff suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

248. The libelous misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights; therefore, it is a valid claim of malicious prosecution of crimes that did not occur.

249. The official misconduct described in this Count was undertaken pursuant to the *"policy and practice"* of the corrupt *Jefferson County District Attorney's Office* in the manner described above.

## COUNT VI –SECTION 1985 (3):  CONSPIRACY

**Conspiracy to Deprive Constitutional Rights**

250. Each paragraph of this Petition is incorporated as if restated fully herein.

251. As described more fully above, each of the above-named Defendants conspired, directly or indirectly, for constitutional rights deprivation of the Plaintiff of Equal Protection of Federal Law, namely *"Americans With Disability Acts"* under the provisions of *42 U.S.C. § 12101 et. seq*.

252. In so doing, the above-named Defendants took action in furtherance of this official conspiracy, causing injury to the Plaintiff.

PAGE - 161

253. The official misconduct described in this Count was undertaken with intentional malice, willfulness, and reckless indifference to the rights of others, resulting in meritorious claims of prosecutorial misconduct.

254. The official misconduct described in this Count was undertaken pursuant to the "*policy and practice*" of the corrupt *Jefferson County District Attorney's Office* in the manner described more fully in preceding paragraphs.

## COUNT VII – SECTION 1983:  CONSPIRACY

**Conspiracy to Deprive Constitutional Rights**

255. Each paragraph of this Petition is incorporated as if restated fully herein.

256. Prior to the wrongful criminal proceedings, most of the above-named Defendants reached an agreement to engage in criminal conspiracy against the Plaintiff on or about October 9th, 2011 – as discovered exculpatory evidence reveals in July 2023 - amongst themselves conspired to frame the Plaintiff for their crimes, and to thereby deprive the Plaintiff of His constitutional rights, all as described in the various Paragraphs of this Petition, as a nature of abuse of color and official misconduct in this Petition.

257. Independently, before and after the Plaintiff's wrongful convictions, each of the above-named Defendants further conspired, and continue to conspire, to deprive the Plaintiff of exculpatory materials to which He was lawfully and constitutionally entitled and which would have led to His timelier exoneration of the false accusations as described in the various Paragraphs of this Petition, as a nature of prosecutorial misconduct claims in this Petition.

258. In this manner, the above-named Defendants, acting in concert with other unknown co-conspirators, including persons who are not members of the *Jefferson County District Attorney's Office*, have conspired by concerted unlawful action to accomplish an unlawful purpose by an illegal means as a nature of abuse of color and malicious prosecution claims in this Petition.

259. Furthering the official conspiracy, each co-conspirator committed defamatory overt acts and was an otherwise willful participant in joint activity with other Defendants.

260. As a direct and proximate result of the illicit prior agreement referenced above, the Plaintiff's constitutional were violated. The Plaintiff suffered significant financial damages and severe, profound emotional distress and anguish, as is more fully alleged above.

261. The official misconduct described in this Count was undertaken with intentional malice  - willfulness and recklessness - indifference to the rights of the Plaintiff.

262. The official misconduct described in this Count was undertaken pursuant to the "*policy and practice*" of the corrupt ***Jefferson County District Attorney's Office*** in the manner described more fully in preceding paragraphs and was tacitly ratified by policymakers with final policymaking authority.

## COUNT VIII – 42 U.S.C. § 1983:  DENIAL OF CONSTITUTIONAL RIGHTS:

**Denial of Access to Courts**

263. Each paragraph of this Petition contains claims of constitutional rights violations and is incorporated as if restated fully herein.

264. In the manner described more fully herein, each of the above-named Defendants, all while acting individually, jointly, and in conspiracy, denied the Plaintiff the right to access to courts by their wrongful suppression and destruction of information and evidence which deprived the Plaintiff of constitutional claims against potential Defendants, for claims of abuse of colors and prosecutorial misconduct.

PAGE - 164

265. Other claims were diminished by the passage of years and the accompanying erosion of evidence necessary to prove these claims against those Defendants and State Witnesses.

266. The libelous misconduct described in this Count was undertaken with intentional malice - willfulness and recklessness - indifference to the constitutional rights of the Plaintiff.

267. The official misconduct described in this Count was undertaken pursuant to the *"policy and practice"* of the corrupt *Jefferson County District Attorney's Office* in the manner described more fully in preceding paragraphs.

## COUNT IX –42 U.S.C. § 1983:  DENIAL OF CONSTITUTIONAL RIGHTS:

### Failure to Intervene

268. Each paragraph of this Petition contains misconduct claims and is incorporated as if restated fully herein.

269. In the manner described above, during the constitutional rights violations described above, one or more of the Defendants (*and other as-yet-unknown*

PAGE - 165

*Defendants*) stood by without intervening to prevent the unlawful official misconduct committed against the Plaintiff.

270. As a result of the Defendants' failure to intervene to prevent the violation of the Plaintiff's constitutional rights, the Plaintiff suffered profound pain, injury, and emotional distress. These Defendants had a reasonable opportunity to avoid this harm but failed to do so, which is a claim of prosecutorial misconduct.

271. The official misconduct described in this Count was unconstitutional, unlawful, unreasonable, and undertaken intentionally with willful indifference to the Plaintiff's constitutional rights.

272. The official misconduct described in this Count was undertaken pursuant to the corrupt *Jefferson County District Attorney's Office's* "*policy and practice*" in the manner described in the preceding paragraphs.

## COUNT X –STATE LAW CLAIM: MALICIOUS PROSECUTION

273. Each paragraph of this Petition contains misconduct claims and is incorporated as if restated fully herein.

274. The above-named Defendants caused the Plaintiff to be improperly subjected to judicial proceedings for which there was no attached

PAGE - 166

*"criminal complaint affidavit"* or *"probable cause affidavit"* and that, therefore, the Trial Court did not have the lawful, constitutional jurisdiction to preside over the case. These judicial proceedings were instituted and continued maliciously, resulting in profound injury, and all such proceedings shall be terminated in Plaintiff's favor in a manner indicative of innocence.

275. The above-named Defendants accused the Plaintiff of their criminal activity, knowing those accusations to be without proper, formal *"criminal complaint affidavit"* or legal *"probable cause affidavit."*

276. The State Witnesses made false statements to law enforcement and prosecutors intending to exert libelous influence on the institute and knowingly continue the false judicial proceedings as *material* and *unconstitutional.*

277. The Statements of most State Witnesses regarding the Plaintiff's alleged culpability were made with the knowledge that said statements were false and perjured. The above-named Defendants then fabricated evidence and withheld/concealed exculpatory information, a nature of prosecutorial misconduct claims.

278. The official misconduct described in this Count was undertaken with malice – willfulness and recklessness - indifference to the rights of the Plaintiff.

279. As a result of the official misconduct, Plaintiff sustained and continues to support profound injuries, including pain and suffering.

## COUNT XI – STATE LAW CLAIM: CIVIL CONSPIRACY

280. Each paragraph of this Petition contains misconduct claims and is incorporated as if restated fully herein.

281. As described more fully in the preceding paragraphs, the above-named Defendants, acting in unlawful concert with other known and unknown co-conspirators, conspired by concerted conspiracy action to accomplish an illegal purpose by illegal means to conceal their criminal activities, including obstruction of justice.

282. In furtherance of the conspiracy, the above-named Defendants committed unconstitutional overt acts and were otherwise willful participants in joint activity.

283. The official misconduct described in this Count was undertaken with intentional malice – willfulness and recklessness - indifference to the rights of others.

284. As a proximate result of the above-named Defendants' conspiracy, Plaintiff suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT XII –STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

285. Each paragraph of this Petition contains misconduct claims and is incorporated as if restated fully herein.

286. As set forth above, the acts and conducts of the above-named Defendants were extreme and outrageous. The above-named Defendant intended to cause or were in reckless disregard of the probability that their unconstitutional and unlawful conduct would cause severe emotional distress to Plaintiff, as is more fully alleged above.

287. Said actions and conducts did directly and proximately cause severe emotional distress to Plaintiff and thereby constituted intentional infliction of emotional distress as unconstitutional and unlawful.

288. The official misconduct described in this Count was undertaken with malice – willfulness and recklessness - indifference to the rights of the Plaintiff.

289. As a proximate result of the above-named Defendants' wrongful, unlawful acts, Plaintiff suffered profound damages, including severe emotional distress and anguish, as is more fully alleged above.

## COUNT XIII –STATE LAW CLAIM: RESPONDENT SUPERIOR

290. Each paragraph of this Petition contains misconduct claims and is incorporated as if restated fully herein.

291. In committing the acts alleged in the preceding paragraphs, each of the above-named Defendants was a member of, directly or indirectly conspired, with the corrupt *Jefferson County District Attorney's Office* acting at all relevant times within the scope of malicious prosecution and under color of law.

292. The above-named Defendants and the corrupt *Jefferson County District Attorney's Office* are undoubtedly and ultimately liable as principal for all torts committed by its above-named Defendants.

# COUNT XIV –STATE LAW CLAIM: INDEMNIFICATION

293. Each paragraph of this Petition contains misconduct claims and is incorporated as if restated fully herein.

294. The State Laws of Texas provide that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

295. The above-named Defendants were directly or indirectly associated with the corrupt *Jefferson County District Attorney's Office*, who acted within the scope of their prosecutorial misconduct acts in committing the official misconduct described herein.

# EXHAUSTION OF LEGAL REMEDIES

296. The Plaintiff "William Curtis Jones" had filed numerous complaints while at the T*exas Department of Criminal Justice* to try and solve the problem. On or about July 10th, 2018, the Plaintiff presented the facts relating to this Petition. That, to date of this Petition filed, the Plaintiff has not received any response saying that motion(s), petition(s), or writ(s) have been granted or denied.

PAGE - 171

297. Then, on or about August 13th, 2020, the Plaintiff filed the ***Application For A Writ of Habeas Corpus Article  11:07: Seeking Relief from Final Conviction***.

## LEGAL CLAIMS

298. The Plaintiff re-alleged and incorporated by reference paragraphs 1 – 297 above.

299. The above-named Defendants violated Plaintiff's rights and constituted all the constitutional rights at issue, such as libelous, slandering, cruel and unusual punishment, etc. - a due process of law violation under the FIRST, SIXTH, EIGHTH, and FOURTEENTH AMENDMENTS to the United States Constitution.

300. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. The Plaintiff has been and will continue to be irreparably injured by the conduct of the above-named Defendants unless this court grants the reliefs which the Plaintiff seeks.

## CONCLUSION

**GIVEN** the aforementioned ***Petition to Order The State of Texas to Set Aside Judgement of Declaring the Plaintiff a "Vexatious Litigant"  – Violating the***

PAGE - 172

***Plaintiff's Constitutional Rights and Civil Rights*** under ***42 U.S.C. § 1983***

and the additional ***STRICKLAND*** violations outlined above, the Plaintiff

respectfully requests that this Court review, approve, and grant this Petition

and to issue Order of relief from His State Conviction under ***42 U.S.C. § 1983,***

***18 U.S.C. §§§§ 241, 242, 245, 14141, and 28 U.S.C. § 2254***.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff "William Curtis

Jones," as *pro se*, respectfully requests that this Court grant His Petition for

Relief under ***28 U.S.C § 1983***, and respectfully requests that this Court enter

judgment in his favor and against Defendants: **"STATE OF TEXAS";**

**"JENNIFER ELAINE DOORNBOS"; "KENNETH BRUCE**

**FLORENCE";  "BRIAN JAGNEAUX"; "CHARLES KEITH**

**HAWKES";   "WAYLON THOMPSON"; "QUENTIN DEAN PRICE";**

**"MANHATTAN BEACH POLICE DEPARTMENT – MANHATTAN**

**BEACH, CALIFORNIA"; "JEFFERSON COUNTY DISTRICT**

**ATTORNEY'S OFFICE"; "TEXAS DEPARTMENT OF PUBLIC**

**SAFETY – BEAUMONT, TEXAS";**   and ***ET. AL*** (collectively, the

"Defendants"), awarding compensatory damages, costs, and attorneys' fees,

along with punitive damages against each of the individual mentioned

Defendants in their capacities, and any other relief this Court deems

PAGE - 173

appropriate, herein violated the Plaintiff's rights under the Constitution and Laws of the United States.

And that a preliminary and permanent injunction ordering each of the individual mentioned Defendants herewith, as follows:

(i)    ...for COMPENSATORY DAMAGES of $5,000,000 (Five Million) "COMBINED" and against each identified Defendant, jointly and severally;

(ii)    ...for PUNITIVE DAMAGES in the amount awarded by the jury against each of the individuals mentioned Defendants; that, a Jury Trial on all issues triable by jury; all the Plaintiff's costs in this suit; and any additional relief this Court deems just proper, and equitable.

(iii)    ...both PRE-JUDGEMENT and POST-JUDGEMENT INTEREST on all Counts; and,

(iv)    ... such other and further relief as this Court finds and equitable, or any other relief this Court deems appropriate;

herein violated the Plaintiff's rights under the Constitution and Laws of the United States.

PAGE - 174

**JURY DEMAND**

**FURTHERMORE**, the Plaintiff, "William Curtis Jones" as *pro se*, at this moment demands a Trial by Petit Jury pursuant to ***Federal Rule of Civil Procedure 38(b)*** on all issues so triable.

Dated this day of November 6th, 2023.

**RESPECTFULLY SUBMITTED:**

*[signature: William Curtis Jones]*

**WILLIAM CURTIS JONES,** *pro se*
*Plaintiff*

3616 Far West Blvd.
No. 117-441
Austin, Texas 78731

PAGE - 175

# VERIFICATION

I, William Curtis Jones, as *pro se*, the Plaintiff, have read the foregoing

Petition and hereby verify that the matters alleged therein are true, except as to

matters alleged on information and belief, and, as to those, I believe them to

be true. I certify under penalty of perjury that the foregoing is true and correct.

**Dated this day of November 6th,  2023.**

 **Respectfully submitted,**

**WILLIAM CURTIS JONES,** *pro se*
*Plaintiff*

3616 Far West Blvd.
No. 117-441
Austin, Texas 78731

**PAGE - 174**